THE STATE v. WILLIAM E. WILHITE, Appellant.— 295 S. W. 82.

Division Two, June 3, 1927.

**1. ROBBERY: Indictment: Bank: Corporation: Ownership: Proof.** In charging robbery or larceny it is proper to allege that the money or property taken was the property of the person in lawful possession of it, although he was not the actual owner, unless such possession was that of a mere custodian. For robbing a bank the indictment may charge that the accused made an assault upon the president and by putting him in fear took from him money and bonds, the goods and property of said president, and if it so charges it is not defective because it does not charge that the bank was a corporation, nor is the proof insufficient because there is no evidence that the bank was a corporation. Nor is proof showing that the money and bonds taken were the property of the bank insufficient to support such a charge.

**2. ――――: ――――: Assignment: Demurrer to Evidence: Variance.** If the motion for a new trial fails to assign as error the action of the court in overruling the demurrer to the evidence, or a lack of sufficient evidence to make out a case against defendant, it cannot be ruled on appeal that the demurrer should have been sustained on the ground that the indictment charged robbery from the president of a bank and the proof was that the money and bonds taken were the property of the bank.

**3. INSTRUCTION: Circumstantial Evidence.** An instruction on circumstantial evidence is not necessary unless the case is entirely made out on circumstantial evidence. If there is direct evidence to prove the commission by defendant of the crime charged, although the case may be partially made out by circumstantial evidence, such an instruction is not required.

4. ————: **Assignment.** If the motion for a new trial fails to mention any instruction, alleged error in the giving of a certain instruction cannot be considered on appeal.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 2433, p. 1009, n. 6; 17 C. J., Section 3351, p. 89, n. 70. **Larceny,** 36 C. J., Section 322, p. 835, n. 36. **Robbery,** 34 Cyc., p. 1803, n. 46.

Appeal from Circuit Court of St. Louis County.—*Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*Verne Lacy* for appellant.

(1) The indictment is insufficient in law, and does not charge that the defendant committed any offense against the laws of the State, because it omits the charge that the Citizens Bank of Florissant was a corporation in charge of its agent, Joseph Pondrum, but charges that the property alleged to have been stolen belonged to said Joseph Pondrum, while the evidence admitted tended to show ownership in the Citizens Bank of Florissant, and there is no evidence in the record that the Citizens Bank of Florissant was a corporation at the time in question, and defendant was entitled to be informed in the indictment before trial that the State would attempt to prove the ownership of the property to be in the Citizens Bank of Florissant. State v. Jordan, 289 S. W. 540; State v. Hurt, 285 S. W. 976; State v. Woods, 285 S. W. 737. (2) The court erred in refusing to sustain and give and read to the jury the demurrer to the evidence offered by the defendant at the close of the whole case. State v. Lasson, 238 S. W. 101; State v. Bater, 232 S. W. 1012; State v. Woodard, 273 S. W. 1050. (3) The court erred in failing to instruct the jury on circumstantial evidence. State v. Bennett, 297 Mo. 190; State v. Lyle, 296 Mo. 439, 246 S. W. 883; State v. Miller, 292 Mo. 135, 237 S. W. 498. (4) The court erred in giving and reading to the jury Instruction 1, because said instruction assumes that the defendant stole the property described in the indictment, and leaves it to the jury to determine whether or not the property belonged to Pondrum. State v. Lee, 272 Mo. 121.

*North T. Gentry,* Attorney-General, and *A. B. Lovan,* Assistant Attorney-General, for respondent.

(1) The indictment is sufficient and is in a form approved by this court. State v. Dickens, 285 S. W. 445. (2) If the defendant was of the opinion that the court failed to give all proper and needful instructions, exceptions should have been saved. This the defendant did not do. State v. Cantlin, 118 Mo. 111. This assignment in the motion for a new trial is so indefinite that it does not indicate what error, if any, the trial court committed. It is true that this case was tried a few days before the Act of 1925, amending Section 4079, relating to motions for a new trial, went into effect, but under old Section 4079 appellant's assignment is too indefinite. State v. Stevens, 281 Mo. 648; State v. McBrien, 265 Mo. 604. (3) The motion for a new trial alleges that the court erred in failing to give an instruction on circumstantial evidence. The court did not commit error in this respect, for the reason that there was no circumstantial evidence in the case. But even if it is true that there is some circumstantial evidence, the defendant would not be entitled to an instruction on circumstantial evidence. State v. Nerzinger, 220 Mo. 47; State v. Hubbard, 223 Mo. 84. (4) The bill of exceptions shows that when instruction numbered one was given the defendant objected to it and saved his exceptions. But he failed to preserve the point in the motion for a new trial. In any event the instruction is in approved form. State v. Affronti, 292 Mo. 68; State v. Cantlin, 118 Mo. 111.

WHITE, J.—An indictment was returned by the grand jury of St. Louis County charging the defendant with robbery in the first degree. On a trial June 25, 1925, a jury found the defendant guilty and assessed his punishment at imprisonment in the penitentiary for a term of five years. He was sentenced accordingly, and appealed to this court.

The evidence for the State showed that between 1:30 and two P. M. December 18, 1924, armed men entered the Citizens' Bank of Florissant, in St. Louis County. Joseph Pondrom, president of the bank, was present, also Mr. Albert, the assistant cashier, and two customers, William and Elmer Ryan. One or more of the strangers were disguised by handkerchiefs over the lower part of their faces. One of them pointed his revolver at Mr. Pondrom and told him to "stick 'em up!" Pondrom then was compelled to lie down on the floor and get under a table. One of them compelled the two Ryans to face the wall with their hands raised. One of the robbers ordered Pondrom to open the safe, and took out a large sum of money and some liberty bonds.

There was more or less confusion and neither Pondrom, Albert, nor Elmer Ryan was able to identify the defendant as one of the rob-

bers. But William Ryan identified the defendant as the man who pointed his revolver at Pondrom and took the money. His identification was clear and positive. Pondrom was spoken of as an old man, and, according to his testimony, he did not get a good look at any one of the robbers, nor did Elmer Ryan or Albert. William Ryan seems to have been the only one of them who maintained his presence of mind.

The defendant did not testify, but offered two witnesses by whom he attempted to prove an *alibi*.

I. Appellant challenges the sufficiency of the indictment on the ground that it does not charge that the Citizens' Bank of Florissant was a corporation, and there was no evidence that the bank was a corporation. The indictment charges that the defendant made an assault upon Joseph Pondrom and, by putting him in fear, took from him in lawful money of the United States, two thousand and odd dollars, and twelve Liberty bonds of the value of $950, ''all of the goods and property of the said Joseph Pondrom from the person and in the presence of said Joseph Pondrom,'' etc. Thus the indictment does not charge that the money and Liberty bonds taken were the property of the bank, but the property of Pondrom, and is perfectly good against appellant's complaint.

**Indictment:
Corporation:
Proof.**

II. It is claimed that the evidence shows the money and bonds were the property of the bank, and therefore the demurrer to the evidence at the close of the case should have been sustained. The motion for a new trial fails to assign as error the action of the court in overruling the demurrer to the evidence, nor is any error assigned to the lack of sufficient evidence to make out a case. Besides, in charging larceny or robbery it is proper to aver that the money or property taken was the property of the persons in lawful possession of it, although he was not the actual owner, unless such possession was that of a mere custodian.

**Variance:
Demurrer.**

''An employee of a higher grade, who has the entire care, management and control of chattels entrusted to him by his employer, such as the manager of a ranch or herd of cattle, the cashier of a bank, an agent in charge of a stock of goods for sale,'' etc., ''is usually held to have such possessory rights in the chattels as justifies the laying of the ownership in him.'' [36 C. J. 834.]

Mr Pondrom was president of the bank, in charge and control of its assets. He was clearly within the rule; his possessory rights were such that it was proper to charge that the property taken from him was his property.

III.   The motion for new trial assigns error to the failure of the court "to instruct as to the law on all phases of the case." That general objection is not pressed upon the attention of the court in appellant's brief.   The motion, however, specifies

**Circumstantial Evidence.**

that the court erred in failing to instruct the jury on circumstantial evidence.   An instruction on circumstantial evidence is not necessary unless the case is entirely made out on circumstantial evidence.   If there is direct evidence to prove the commission of a crime by the defendant, although the case may be partially made out by circumstantial evidence, it is not necessary to instruct upon it.   [State v. Judge, 285 S. W. 718, 1. c. 722; State v. Lyle, 296 Mo. 1. c. 439; State v. Baird, 288 Mo. 62, 1. c. 65.]

The only defense here is an *alibi*.   The facts of the robbery were direct.   It is not disputed that the *corpus delicti* was proven.   The evidence was direct and positive that the defendant was one of the robbers.   There is little or no circumstantial evidence in the case.

IV.   Appellant complains that the court erred in giving instruction numbered 1 for the State.   That alleged error cannot be considered because the motion for new trial fails to mention any instruction.

We find no error in the record and the judgment is affirmed.   All concur.