PEOPLE *v.* HIGGINBOTHAM

1. CRIMINAL LAW—EXTRAJUDICIAL STATEMENT—NONTESTIFYING CO-DEFENDANT—ADMISSIBILITY.

   A witness's testimony that a nontestifying codefendant admitted when arrested that two other fellows were with him was properly allowed where the codefendant's extrajudicial statement did not directly implicate defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 174.
[2, 3, 4] 21 Am Jur 2d, Criminal Law §§ 309, 315.
  Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.
[5, 6] 39 Am Jur, New Trial § 158.

2. Criminal Law—Attorney and Client—Adequacy of Counsel.

Requirements of adequate counsel are met where that counsel is not perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation.

3. Criminal Law—Attorney and Client—Representation.

Effective representation by counsel does not mean successful representation.

4. Criminal Law—Attorney and Client—Adequacy of Counsel.

Defendant's trial counsel was more than adequate where that counsel cross-examined witnesses, objected to the entering of exhibits and attempted to impress upon the jury the importance of their function.

5. New Trial—Evidence—Evidentiary Requirements.

Evidence required for the granting of a new trial must be: (1) newly discovered, (2) not cumulative, (3) of such a nature as to render a different result probable upon retrial, and (4) of a nature that could not have been discovered with reasonable diligence for the first trial.

6. New Trial—Evidence—Evidentiary Requirements—Fulfillment.

Codefendant's affidavit that information was withheld from the trial court which would absolve defendant was not of such a nature as to render a different result probable on a retrial of the breaking and entering charge against defendant where a police officer testified that he not only saw defendant leaving the bar which had been broken into but also he had arrested defendant in the back yard of that bar, and that defendant was never out of his sight.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 January 8, 1970, at Detroit. (Docket No. 6,152.) Decided February 4, 1970.

Richard Higginbotham was convicted by a jury of breaking and entering a business place with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Quinn, JJ.

Lesinski, C. J. In the early morning of October 23, 1967, three officers of the Detroit Police Department were sent to investigate suspicious noises in a bar. According to the testimony at trial, two officers entered the front door of the bar and observed one man "in the middle of the bar and two figures in the rear of the bar." The first man, James Henderson, was shot after refusing to heed the officer's orders. Immediately thereafter defendant Richard Higginbotham was seen crawling out a broken rear door by an officer guarding the rear of the building. Defendant Higginbotham, James Henderson and Curtis Simpson were then arrested. After a joint jury trial, Higginbotham and Simpson were convicted of breaking and entering a business place with intent to commit larceny.[1]

Defendant's first allegation of error concerns the trial testimony of one of the employees of the bar. A review of the record reveals the following testimony:

"*Q.* All right, what did you do then?
"*A.* That time, I heard a shot on the outside.

---

[1] MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305). Henderson entered a plea of guilty to a lesser offense after trial but before rendering of the jury verdict.

"*Q.* Anything else?

"*A.* They took this one over here and he admitted was two other fellows with him."[2]

Defendant argues that this testimony violates the doctrine espoused in *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476). In *Bruton*, the Supreme Court reversed a conviction obtained after a postal inspector testified that he had obtained an oral confession from Bruton's codefendant which specifically named Bruton. In this case, however, the codefendant's statement did not directly implicate Higginbotham. This situation was discussed in *United States* v. *Lipowitz* (CA 3, 1969), 407 F2d 597, 602, *certiorari denied sub nom Smith* v. *United States,* 395 US 946 (89 S Ct 2026, 23 L Ed 2d 466):

> "In the instant case the recital before the jury by Agent Crowley of Lipowitz's inculpatory statements was so carefully restricted that neither Smith nor Muller was mentioned by name though Lipowitz's statement did indicate that he had confederates in the robbery, 'other fellows.' * * *
>
> "In sum, we can perceive no inculpation or implication whatsoever of Smith by Lipowitz's confession. We hold therefore that the principle of *Bruton* is not applicable here and that Smith was not denied his right of confrontation."

There was no error.

Defendant's second argument is that he was denied adequate assistance of counsel. Our Supreme Court has recognized that there is often a difference of opinion between trial counsel and appellate counsel over trial tactics. *People* v. *Martin* (1920), 210 Mich 139. Consequently, we have closely examined the record to determine whether we are presented

---

[2] The codefendant quoted in the testimony did not testify at trial.

with such a difference in opinion or with actual inadequate representation.

The transcript of trial testimony establishes that the requirements of adequate counsel were met. As we have said on several occasions, counsel that is "only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation" is not effective representation. *People v. Wynn* (1968), 14 Mich App 268, 269; *People v. Davison* (1968), 12 Mich App 429, 434; *People v. Crawford* (1969), 16 Mich App 92, 96. However, defendant's trial counsel cannot be so characterized. Effective representation does not mean successful representation. The trial attorney cross-examined witnesses, objected to the entering of exhibits and attempted to impress upon the jury the importance of their function. He was handicapped by the eye-witness testimony of the police officer who observed the defendant fleeing the closed bar at 6 a.m. Under the circumstances, counsel was more than adequate.

The final issue to be discussed is whether the affidavit of Henderson exonerating the defendant requires the granting of a new trial. According to the affidavit, information was withheld from the trial court which would absolve defendant. Defendant argues that this "newly discovered evidence" should be the basis of a new trial.

It has long been the rule in Michigan that, before a new trial can be granted on the basis of "newly discovered evidence," that the evidence must meet four requirements. The evidence must be (1) newly discovered, (2) not cumulative, (3) of such a nature as to render a different result probable on retrial, and (4) of a nature that could not have been discovered with reasonable diligence for the first trial. *Canfield v. City of Jackson* (1897), 112 Mich 120, 123; *Pociopa v. Olson* (1968), 13 Mich App 324;

*People* v. *Keiswetter* (1967), 7 Mich App 334.   In this appeal the third requirement is important. Defendant was seen leaving the building by a police officer.   That officer arrested the defendant in the back yard of the bar.   The defendant was never out of the officer's sight.   In view of such testimony, it cannot be said that a different result would be probable.   A new trial is not required.

Affirmed.

All concurred.