PEOPLE *v.* O'GUIN

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE.
   The right to effective assistance of counsel does not necessarily
   mean successful assistance and the possibility that a different
   attorney could have obtained a better result does not imply
   that the defendant did not have the effective assistance of
   counsel.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE
   —SHAM.
   A representation by counsel which is only perfunctory, in bad
   faith, a sham, a pretense, or without adequate opportunity
   for conference and preparation is not effective representa-
   tion.

3. CRIMINAL LAW—ARREST—ILLEGALITY—WAIVER.
   A defendant cannot complain that his arrest was illegal if he
   has pleaded not guilty, has stood trial, and has been convicted
   by a jury.

4. VENUE—CHANGE OF VENUE—CRIMINAL LAW—JURY—KNOWLEDGE
   OF CRIME.
   Several of the prospective jurors stating that they had heard of
   the crime for which the defendant was being tried was not,
   in itself, sufficient to show that the trial court abused its
   discretion in denying a motion for change of venue.

5. CRIMINAL LAW—FAIR TRIAL—PRE-TRIAL PUBLICITY—JURORS—
   PRIOR OPINIONS.
   Pre-trial publicity did not deny the defendant a fair trial even
   though several prospective jurors stated they had heard of
   the crime where the veniremen who indicated that they had
   opinions concerning the crime were excused for cause.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 315.
[3] 5 Am Jur 2d, Arrest § 117.
[4] 21 Am Jur 2d, Criminal Law § 415.
[5] 21 Am Jur 2d, Criminal Law §§ 236, 426.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted Division 1 June 4, 1970, at Detroit. (Docket No. 6,370.)   Decided August 27, 1970.

William D. O'Guin was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Division, *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Sol E. Goldberg*, for defendant on appeal.

Before: J. H. GILLIS, P. J., and LEVIN and BORRADAILE,* JJ.

PER CURIAM. On June 28, 1965, defendant and a codefendant were convicted by a jury of murder in the first degree. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). The murder was allegedly committed in the perpetration of a robbery.

On appeal, defendant contends that he was denied effective representation of counsel because his appointed counsel was "fresh out of law school." The right to effective assistance of counsel does not necessarily mean successful assistance and the possibility that a different attorney could have obtained a better result does not imply that defendant did not have the effective assistance of counsel. *People* v. *Degraffenreid* (1969), 19 Mich App 702.** If the representation is "only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** *Clark* v. *Page* (Okla Crim, 1963), 384 P2d 405; *United States, ex rel. Koffel*, v. *Myers* (ED Pa, 1958), 167 F Supp 510.

for conference and preparation" then it is not effective representation. *People* v. *Higginbotham* (1970), 21 Mich App 489. No such showing is made here. Competence or effectiveness of counsel cannot be measured by number of witnesses cross-examined and the number of objections made. *People* v. *Lundberg* (1961), 364 Mich 596. In the same trial, very experienced counsel also saw his client convicted.

As for defendant's contention that his arrest was illegal,

"He pleaded not guilty, stood trial, and was convicted by a jury. He cannot now be heard to complain of the alleged illegality of his arrest." *People* v. *Gologonoff* (1969), 6 Mich App 332, 334.

Defendant further contends that pre-trial publicity denied him a fair trial. In particular, defendant contends that the witnesses were influenced in their testimony, that the trial court erred in denying defendant's motion for a change of venue, and that the *voir dire* examination failed to insure defendant of a trial by impartial jury.

Defendant's allegations are conclusional and are not supported by specific references to the record as required by GCR 1963, 813.3. Moreover, while several of the prospective jurors stated they had heard of the crime, this, without more, is not a sufficient showing that the trial court abused its discretion in denying defendant's motion for a change of venue. *People* v. *Freeman* (1969), 16 Mich App 63. Those who indicated they had opinions were excused for cause.

The trial court conducted the *voir dire* pursuant to GCR 1963, 511.3. While defendant contends that the trial court conducted the *voir dire* improperly,

defendant makes no showing of error on which a finding of substantial prejudice might be based.

Defendant alleges additional error with respect to the trial court's failure to give two requested jury instructions. The trial court charged the jury that the only two possible verdicts as to each defendant were guilty of first-degree murder or not guilty. Defendant alleges error in the trial court's failure to instruct the jury that murder in the second degree and manslaughter were also possible verdicts. Defendant has made no reference to any specific evidence in the record to support an instruction on the two additional verdicts. The instruction as given was proper. *People* v. *Treichel* (1924), 229 Mich 303; *People* v. *Stevens* (1968), 9 Mich App 531.

Defendant also contends that the trial court erred in failing to give his requested instruction that certain testimony was to be considered only for the purpose of affecting the credibility of the witness. A careful reading of the jury instructions in their entirety reveals that the matter of credibility was adequately charged. There is no showing of a miscarriage of justice. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096).

Affirmed.