PEOPLE *v*. BUTLER

1. CRIMINAL LAW—ATTORNEY AND CLIENT—ADEQUACY OF COUNSEL.

A defendant in a criminal action has been deprived of adequate representation by counsel only if counsel's lack of diligence or competence reduces the trial to a farce or sham.

2. CRIMINAL LAW—CROSS-EXAMINATION OF DEFENDANT—CREDIBILITY —PRIOR CONVICTIONS.

A defendant, who voluntarily testifies in his own behalf, places his credibility in issue and therefore the propriety of cross-examination as to prior convictions cannot be questioned (MCLA § 600.2158).

3. BURGLARY—BREAKING AND ENTERING—INFERENCE—INTENT—EVIDENCE.

The requisite intent for the crime of breaking and entering may be inferred from the totality of circumstances disclosed by the testimony (MCLA § 750.110).

Appeal from Ionia, Leo B. Bebeau, J. Submitted Division 3 August 22, 1970, at Grand Rapids. (Docket No. 9,212.) Decided October 27, 1970.

Allen E. Butler was convicted of breaking and entering a building with intent to commit larceny. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 315.
Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.
[2] 58 Am Jur, Witnesses § 687.
[3] 13 Am Jur 2d, Burglary §§ 24, 52.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*John L. McNamara,* for defendant on appeal.

Before: Fitzgerald, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam.     Defendant Allen E. Butler was tried by a jury and convicted of breaking and entering in violation of MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). The evidence presented at trial indicated that defendant and his brother broke the front window of Fred's Super Market in Ionia and removed 16 to 20 cartons of cigarettes. Defendant claimed that he broke the window by accident, that he removed no cigarettes and that he was intoxicated. He now appeals as of right and contends that he was improperly cross-examined as to his prior criminal record and that the people did not establish the requisite intent to support a conviction.

A defendant in a criminal action has been deprived of adequate representation by counsel only if counsel's lack of diligence or competence reduces the trial to a farce or sham. *People* v. *Crawford* (1969), 16 Mich App 92; *People* v. *Higginbotham* (1970), 21 Mich App 489. The record in the present case does not indicate the existence of farce or sham and we find that defense counsel adequately represented his client. There is no evidence that defendant was injured by the waiver of preliminary examination or his attorney's failure to appear at the arraignment.

In light of the fact that defendant voluntarily testified, he placed his own credibility in issue and

the propriety of cross-examination as to prior convictions cannot be questioned. MCLA § 600.2158 (Stat Ann 1962 Rev § 27A.2158). *People* v. *Di Paolo* (1962) 366 Mich 394.

The requisite intent for the crime of breaking and entering may be inferred from the totality of circumstances disclosed by the testimony. *People* v. *Saunders* (1970), 25 Mich App 149; *People* v. *Gollman* (1966), 3 Mich App 463. The record contains sufficient evidence from which the jury could infer the intent required to support a conviction for breaking and entering.

Affirmed.