PEOPLE v KOCHAN

1. VENUE—CHANGE OF VENUE—CRIMINAL LAW—DISCRETION—STAT-
UTES.

A circuit judge may grant either party in a criminal proceeding a
change of venue upon good cause shown or may deny the
motion in his discretion; to set aside such a decision, there
must be a clear showing of abuse on the part of the court
(MCLA 762.7).

2. BURGLARY—BREAKING AND ENTERING—LARCENY—INTENT—INFER-
ENCES—EVIDENCE—STATUTES.

The intent to permanently deprive the owner of his goods which
is a key element of the crime of breaking and entering an
occupied dwelling with intent to commit larceny can be infer-
red from the totality of facts and circumstances present in a
case; if a defendant had the requisite intent at the time of the
breaking and entering, an abandonment of the goods does not
render him less culpable (MCLA 750.110).

3. BURGLARY—SUPPRESSION OF EVIDENCE—DUE PROCESS—EXPERT WIT-
NESSES—CROSS-EXAMINATION.

Evidence on whether a defendant's screwdriver made the entry
marks on the home of a burglary victim was not deliberately
suppressed and kept from defendant's knowledge, there was no
prejudice to defendant's substantial rights, and the constitu-
tional guarantee of due process was not interdicted, where
defendant sought discovery of the scientific information prior to
the preliminary examination and the prosecutor answered that
comparison tests with the screwdriver were incomplete, defend-
ant's discovery motion at trial did not cover results of the

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 417.
[2] 13 Am Jur 2d, Burglary § 24.
[3] 58 Am Jur, Witnesses § 844.
  31 Am Jur 2d, Expert and Opinion Evidence § 45.
[4] 58 Am Jur, Witnesses §§ 821, 823.
  29 Am Jur 2d, Evidence §§ 371, 372.
[5, 6] 21 Am Jur 2d, Criminal Law § 137.
[7] 68 Am Jur 2d, Searches and Seizures §§ 64–66.

scientific tests, the expert witness could not state unequivocally that the screwdriver made the entry marks, and defense counsel was afforded the opportunity to cross-examine the expert.

4. BURGLARY—WITNESSES—IDENTIFICATION—FALSE TESTIMONY—IMPEACHMENT—JURY QUESTION.

Identification testimony elicited by the prosecutor from the victim of a burglary in which the victim made no reference to the fact that he had previously described one of the burglars in a phone call to the police as having a beard did not deny defendant due process because of possible false testimony, where the defense was allowed to impeach the witness's testimony by playing the police tape recording in which he described the culprit as having a beard and the victim was recalled as a rebuttal witness and stated that he did not recall using the word "beard"; the discrepancy in the identification testimony raised a controverted question of fact for the jury under proper instructions.

5. APPEAL AND ERROR—DEFENSES—ALIBI DEFENSE—CONSTITUTIONAL LAW—PRESERVING ISSUES—STATUTES.

The Court of Appeals will not consider a challenge to the constitutionality of the alibi statute where the issue was not timely raised below and therefore not preserved for review (MCLA 768.20).

6. CRIMINAL LAW—DEFENSES—ALIBI DEFENSE—WITNESSES—CUMULATIVE EVIDENCE.

A defendant was not prejudiced where the trial court refused to allow alibi witnesses to be called at trial because the defendant failed to exercise due diligence in finding the witnesses, where defendant already had produced three witnesses who supported his alibi defense and a separate record made of the testimony concerning the additional alibi witnesses shows that the excluded evidence was largely cumulative.

7. SEARCHES AND SEIZURES—WARRANT—AFFIDAVIT—PERSONAL KNOWLEDGE OF AFFIANT—VALIDITY.

A search warrant was valid though the affidavit was not based on the police officer-affiant's personal knowledge, where the affidavit was supported by the knowledge of a fellow police officer.

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 June 7, 1974, at Lansing. (Docket No. 18123.) Decided August 29, 1974. Leave to appeal applied for.

Stephen T. Kochan was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Anthony Renne,* for defendant on appeal.

Before: McGregor, P. J., and R. B. Burns and O'Hara,* JJ.

Per Curiam. The defendant was jury-convicted on a charge of breaking and entering an occupied dwelling with intent to commit larceny. MCLA 750.110; MSA 28.305. This appeal as of right followed.

There are ten assignments of error. We have examined them all. Those to which we do not specifically advert have not been disregarded. Rather we consider them to have raised issues not preserved on appeal or to have been of insufficient substance to merit decisional discussion.

Defendant first argues that the trial judge erred in denying defendant's motion for change of venue prior to trial. We do not agree with this contention. While a trial judge may grant either party a change of venue "upon good cause shown", MCLA 762.7; MSA 28.850, the denial of such motions rests in the circuit judge's discretion. To set aside such a decision there must be a clear showing of abuse on the part of the court. *People v Shugar,* 29 Mich App 139; 185 NW2d 178 (1970). There was no abuse of discretion in the instant case.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The next contention pertains to a claim that the prosecution did not adequately establish at the preliminary examination that the charged crime had been committed and probable cause to believe that defendant had committed it. More particularly, he asserts there was a failure of proof on one of the key elements of the charge, *i.e.* the intent to permanently deprive the owner of his goods. This assertion is based upon the fact that the chattels were found in a field sometime subsequent to the taking and that such action allegedly indicates an intention on his part to abandon them.

Intent can be inferred from the totality of facts and circumstances present in a case. *People v Butler,* 27 Mich App 404; 183 NW2d 595 (1970). If defendant had the requisite intent at the time of the breaking and entering, an abandonment of the goods does not render him less culpable. See generally, *People v Curley,* 99 Mich 238; 58 NW 68 (1894). In any event, our examination of the record made at the preliminary examination amply justifies the finding of the magistrate that the prosecutor had established all the elements of the charged crime.

The next issue presented is whether the prosecutor deliberately suppressed evidence vital to the defendant's case. Defendant contends that he was denied due process of law because the people suppressed evidence which was material to his defense. Per contra the prosecutor contends that there was no deception involved and that defendant was not entitled to discovery prior to the preliminary examination. The people further claim that defendant should have moved for the production of the materials in circuit court and that his failure to do so should preclude any claim of error.

A screwdriver was found in the defendant's car and the authorities were apparently trying to determine if the markings on the door of the burglarized premises had been made by this particular tool. The defendant sought discovery of the scientific information prior to the preliminary examination. The prosecutor responded to the defendant's request by stating that comparison tests with the screwdriver were incomplete. Nothing of record suggests the contrary. The defendant did make a discovery motion at trial but this motion did not cover results of the scientific tests. Nor could the police witness, who testified as an expert at trial, state unequivocally that the defendant's screwdriver made the entry marks on the home of the victim. Additionally, defense counsel was afforded the opportunity for a full and searching cross-examination of the people's expert. We conclude that there was no prejudice to defendant's substantial rights and that the constitutional guarantee of due process was not interdicted.

Defendant now claims that he was denied due process when the prosecutor elicited testimony from the victim of the crime, knowing that it was false as compared with an earlier taped statement of this witness and that the people immeasurably added to the prejudice by suppressing evidence containing the earlier inconsistent statement.

In his testimony at trial, the victim made no reference to the fact he had previously described one of the burglars in an initial phone call to the police as having a *beard.* The defendant had been apprehended shortly after this report was called in and was beardless at the time. The defense was then allowed to impeach the witness's testimony by playing the police tape recording in which he described the culprit as having a beard. The owner

of the burglarized premises was then recalled as a rebuttal witness and stated that he did not recall using the word "beard".

This was not a case of the prosecutor using false testimony, but rather a case of shifting memory under the stress of excitement. The discrepancy in the identification testimony raised a controverted question of fact for the jury. It resolved the credibility issue adversely to defendant. That is the way our system of jurisprudence has developed to deal with such disputed factual questions.

In like manner this was not a suppression of evidence case. Manifestly, the tape was played and the witness's testimony impeached. Purely and simply it was a question for the jury under proper instructions.

The defendant filed a notice of alibi which listed four witnesses and stated he was in the process of locating additional witnesses. The basis of the defendant's alibi was that on the night in question he was at a local tavern. During the trial the defendant produced three witnesses who reportedly saw him at the bar around the time in question. When he filed another list of alibi witnesses and sought to call them the court refused to allow these witnesses to be examined holding that the defendant failed to exercise due diligence in finding the other witnesses. A separate record was made to preserve this testimony.

Defendant argues that the trial court erred in finding a lack of due diligence on defendant's part. The further argument is made that the Michigan notice of alibi statute[1] is unconstitutional under *Wardius v Oregon,* 412 US 470; 93 S Ct 2208; 37 L Ed 2d 82 (1973).

First, we are not persuaded that the trial judge

_____
[1] MCLA 768.20; MSA 28.1043.

erred in finding lack of sufficient diligence on the part of defendant to locate the other alibi witnesses. Nor do we find the challenge to the constitutionality of the alibi statute as well-founded. The issue was not timely raised below. Since no request for reciprocal discovery rights was advanced in the trial court and, furthermore, since the constitutionality of the involved statute was not questioned below, it necessarily follows that the issue was not preserved for review in the Court of Appeals. *People v Bennett,* 52 Mich App 742; 218 NW2d 407 (1974).

Furthermore, the separate record shows that the excluded evidence was largely cumulative. *Wardius* is also distinguishable because in that case the defendant was not allowed to personally testify in support of his alibi defense or to introduce the testimony of any witnesses on this issue. We see no manifest injustice or miscarriage of justice based on the record made in the instant case.[2]

As his next assignment of error defendant alleges that the trial judge's instructions with respect to intoxication as a defense to the specific intent crime charged were reversibly erroneous under *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973).

This allegation is not meritorious. Our close reading of the instruction in its entirety convinces us that the charge met the *Crittle* requirements which the Supreme Court stated was simply the long-standing rule in Michigan.

Finally, defendant claims that a search warrant should have been quashed since it was based on

---

[2] By virtue of 1974 PA 63 the Legislature has provided for reciprocal discovery rights in future cases with respect to the names of alibi witnesses and those witnesses the prosecutor plans to call in rebutting defendant's proposed defense. *See* MCLA 768.20; MSA 28.1043. The latter amendment took effect on May 1, 1974.

hearsay evidence and not on the personal knowledge of the police officer who was the affiant. In the case at bar the affidavit, though not based on the affiant's personal knowledge, was supported by the knowledge of a fellow officer. This brings the instant case within the ambit of *People v Iaconis,* 29 Mich App 443; 185 NW2d 609 (1971), *aff'd* 387 Mich 431; 196 NW2d 767 (1972).

For the reasons stated herein, we affirm.