PEOPLE v WYSKOCHIL

1. Witnesses—Drugs and Narcotics—Jury—Disqualification for Cause—Prior Trial—Peremptory Challenges.

The fact that some members of a jury for a defendant's trial on a charge of selling narcotics had previously heard testimony from the same prosecution witness in prior cases involving the sale of narcotics and had made a finding of guilt was not sufficient to excuse those jurors for cause where the challenged jurors had indicated during voir dire that they could afford the defendant a fair and impartial trial and where defense counsel failed to exhaust his peremptory challenges; the mere fact that a juror has information from a prior trial will not per se disqualify him.

2. Witnesses—Criminal Law—Exclusion of Witnesses—Jury—Same Jury Panel.

A rule that would per se exclude a police officer or other witness from testifying before the same jury panel a second time would unduly constrain the judicial process.

Appeal from Grand Traverse, Charles M. Forster, J. Submitted May 4, 1977, at Grand Rapids. (Docket No. 25605.) Decided July 6, 1977.

Jerry Wyskochil was convicted of delivery of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John D. Foresman,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Keith D. Roberts,* Assistant Attorney General, of counsel), for the people.

*Philip A. Clancey, P. C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Jury § 309.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and A. C. MILLER,* JJ.

A. C. MILLER, J. Defendant appeals of right from his June 30, 1975, jury conviction of delivery of the controlled substance marijuana, contrary to MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c), resulting in a sentence of 1-1/2 to 4 years.

Conviction was based upon the testimony of Donald Cramer, a citizen who acted as an undercover agent for Traverse City police between March and September, 1974. Mr. Cramer's work resulted in a large number of arrests, and prior to the instant trial, he had testified in a number of cases arising out of those arrests.

In the instant case Mr. Cramer testified that he asked defendant at the Shadowland Bar if he had any marijuana to sell. Defendant said yes, and indicated they would have to go to his residence.

Detective Finch corroborated Cramer's and defendant's travels, since he followed them. He did not, however, observe the sale.

The defense consisted of an attack on Mr. Cramer's credibility.

Before trial started, defense counsel made a motion to quash the jury array and objected to the ruling of the trial court refusing to excuse certain jurors for cause on the ground that they had sat on two or even three previous trials involving similar drug charges, in which Cramer and Detective Finch had testified. The trial court denied the motion on the basis that it was satisfied from the voir dire conducted by the court and counsel that none of the jurors were prejudiced.

The defendant failed to exhaust his peremptory challenges. There is no claim that the factual

---

* Circuit judge, sitting on the Court of Appeals by assignment.

situation or transaction was one about which any of the jurors had prior knowledge or were subjected to pre-trial publicity. This was a particular charge arising out of a particular "buy". The only claim is that many of the jurors had heard testimony from the same witness in prior cases and had made a finding of guilt.

While no transcript of the voir dire is available, there appears to be no dispute as to what occurred. Defendant's statement of fact recites:

"[during voir dire] each one of the jurors replied that, 'No, they could afford Mr. Wyskochil [defendant] a fair and impartial Trial', and 'No, the prior experience would not influence their decision as to the credibility in this Trial of [prosecution witnesses] Finch or Cramer in any way'. For this reason, the Court refused to excuse any of the jurors so challenged for cause, refused to grant Defendant's Motion for Adjournment until a new jury panel could be summoned, and placed Defendant in the position where he had ten (10) jurors seated who had previously returned a verdict of guilty at least once against a Defendant charged with delivery of a controlled substance based on the testimony of Finch and Cramer."

The trial judge found:

"The Court granted the maximum latitude to defense counsel during the voir dire examination and the Court recalls that the issues or the facts that are the foundation of this motion were specifically examined and asked of the jurors by defense counsel, and the Court did not recall any answers that would indicate any prejudice on the part of any juror to sit on this matter, and therefore the Court is satisfied that we do in fact have a fair and impartial jury and that no foundation for excusing any of the members of the Jury based on cause has been established; therefore, the motion is denied."

The decisions of *People v Ranes,* 63 Mich App 498; 234 NW2d 673 (1975), and *Murphy v Florida,*

421 US 794; 95 S Ct 2031; 44 L Ed 2d 589 (1975), indicate affirmance. In *Murphy, supra,* the Court said:

"Qualified jurors need not, however, be totally ignorant of the facts and issues involved." 421 US at 799–800.

The mere fact that a juror has information from a prior trial will not per se disqualify him. In *People v Williams,* 118 Mich 692, 697–698; 77 NW 248 (1898), the Court held:

"The above-named jurors were on the panel for the trial of the Conway case, and testimony was given on that trial as to the character of the house kept. These jurors were asked in the present trial whether they had any opinion, bias, or prejudice at all on the question of the guilt or innocence of the respondent on the charge he was being tried upon, or any prejudice against him that would in any way affect his credit upon the stand as a witness. They answered, 'Not in the least.' The court, in its sound discretion, overruled the motion to reject these jurors for cause."

\* \* \*

"In the present case the jurors had no fixed opinion whatever, and, in fact, stated they had no bias or prejudice against respondent. The mere fact that they sat in another case, in which another party was charged with immorality, and that the respondent was an inmate in that house, did not disqualify them to sit in the present case. It was not error to overrule the motion to discharge for cause."

To adopt a rule that would per se exclude a police officer or other witness from testifying before the same panel a second time would unduly constrain the judicial process.

An examination of the transcript discloses no prosecutorial misconduct.

No prejudice has been demonstrated.

Affirmed.