## PEOPLE v GERALD HUGHES

Docket No. 29408. Submitted June 15, 1978, at Lansing.—Decided
August 7, 1978. Leave to appeal applied for.

Gerald W. Hughes was convicted of first-degree felony murder in
the Washtenaw Circuit Court, William F. Ager, J. Defendant
appeals. *Held:*

The trial court did not err in refusing to instruct the jury on
manslaughter since there was no evidence brought forth at
trial of the existence of mitigating factors which would reduce
the offense of first-degree felony murder to common-law man-
slaughter. Manslaughter is not a necessarily included offense
within the crime of murder but it may be an included offense if
the evidence adduced at trial would support a verdict of guilty
of manslaughter. If the evidence is sufficient to support such a
verdict, it is reversible error for the trial court to refuse a
requested instruction on manslaughter. The defendant did not
object to the instructions given, therefore, the issue regarding
misstatement of the felony-murder doctrine was not preserved
for review. A trial court's decisions regarding motions for a
change of venue or to excuse prospective jurors for cause will
be reversed only if the Court of Appeals finds a clear abuse of
discretion. The fact that some jurors had read or seen media
accounts of the crime charged is not sufficient grounds for a
change of venue, absent some showing of potential prejudice.
The burden of proof is on the defendant to show that jurors,
sought to be excused for cause, were potentially biased. A
juror's expressed lack of prejudice and ability to render an

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide §§ 530, 531.
[2, 3] 5 Am Jur 2d, Appeal and Error § 553.
  40 Am Jur 2d, Homicide §§ 72, 483, 484.
  75 Am Jur 2d, Trial § 906.
[3] 75 Am Jur 2d, Trial §§ 919–922.
[4] 21 Am Jur 2d, Criminal Law §§ 409, 426–428.
  40 Am Jur 2d, Homicide § 204.
[5] 47 Am Jur 2d, Jury § 221.
[6] 40 Am Jur 2d, Homicide § 500.

impartial verdict are all that is required to uphold selection of the juror.

Affirmed.

M. J. KELLY, J., concurred in the holding that an instruction on malice is not necessary in a prosecution for felony murder.

### OPINION OF THE COURT

1. APPEAL AND ERROR—HOMICIDE—FELONY MURDER—JURY INSTRUCTIONS—MANSLAUGHTER—EVIDENCE—MITIGATING FACTORS—INCLUDED OFFENSES—REVERSIBLE ERROR.

A trial court did not commit reversible error in a trial for first-degree felony murder where it refused to instruct the jury on the offense of manslaughter where there was no evidence of the existence of mitigating factors which would reduce the offense to common law manslaughter; manslaughter is not a necessarily included offense within the crime of murder but it may be an included offense if the evidence adduced at trial would support a verdict of guilty of manslaughter, and it is reversible error to refuse such a requested instruction if the evidence would have been sufficient to support such a verdict.

2. APPEAL AND ERROR—PRESERVING ERROR—MISSTATEMENTS—HOMICIDE—FELONY MURDER—OBJECTION TO INSTRUCTIONS—FAILURE TO OBJECT.

Objections to misstatements of the felony murder doctrine by the trial court and counsel for both parties, wherein felony murder was defined as participating in the commission of a robbery during which a killing occurs, were not preserved for review in a trial for felony murder where the defendant did not object to the instructions given.

3. APPEAL AND ERROR—HARMLESS ERROR—HOMICIDE—FELONY MURDER—PROPER INSTRUCTIONS.

Misstatements of the felony murder doctrine by the trial court and counsel for both parties in a trial for felony murder, wherein the felony murder was defined as participating in the commission of a robbery during which a killing occurs, was harmless error where any defects resulting from such loose phraseology were cured by the court's proper statement of the rule in its instructions.

4. APPEAL AND ERROR—VENUE—CHANGE OF VENUE—CRIMINAL LAW—DISCRETION—MEDIA—FELONY MURDER—PREJUDICE.

A trial court's decision regarding a motion for a change of venue will be reversed on appeal only where the Court of Appeals finds a clear abuse of discretion; the fact that some jurors had

read or seen media accounts of the incident charged in a trial for felony murder is not sufficient grounds for a change of venue absent some showing of potential prejudice.

5. Appeal and Error—Jury—Disqualification of Juror—Abuse of Discretion—Burden of Proof—Bias.

A trial court's determination regarding a defense counsel's challenge for cause of prospective jurors will be reversed on appeal only where the Court of Appeals finds a clear abuse of discretion; the burden of proof is on the defendant to show the challenged jurors were potentially biased, and a juror's expressed lack of prejudice and ability to render an impartial verdict are all that is required to uphold selection of the juror.

Concurrence by M. J. Kelly, J.

6. Homicide—Felony Murder—Jury Instructions—Malice.

An instruction on malice is not necessary in a prosecution for felony murder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *James S. Sexsmith,* Senior Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. E. Holbrook, P. J., and M. J. Kelly and P. J. Marutiak,* JJ.

D. E. Holbrook, P. J. The defendant-appellant and two other persons were charged with first-degree felony murder, under MCL 750.316; MSA 28.548, for the shooting death of an Ypsilanti police officer during the armed robbery of a branch of the National Bank of Ypsilanti on July 11, 1975. Defendant was arraigned on July 14, 1975,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and trial began April 19, 1976. Defendant submitted a pretrial motion for change of venue, alleging adverse pretrial publicity, and after denial pending voir dire, renewed this motion orally in court after voir dire examination of potential jurors. The trial court postponed decision on defendant's motion pending the voir dire, in order to determine whether or not an impartial jury could be impaneled.

Thirteen jurors were eventually excused for cause. The court denied three challenges for cause asserted by defense counsel. Defense counsel then utilized peremptory challenges to excuse each of the challenged jurors; abuse of discretion is alleged with respect to the court's failure to excuse two of these jurors for cause. After the voir dire, the court considered the jury selected to be impartial and defendant's request was denied.

Following the presentation of evidence, but before final argument, defense counsel requested that the court include in its instructions to the jury an instruction on manslaughter. This request, later renewed, was also denied.

While instructing the jury on the people's theory of the case, the court suggested that first-degree felony murder would lie if the prosecutor were to show that a "killing" occurred during the course of a robbery. This same mistaken phraseology was used infrequently by the prosecutor and defendant throughout the trial. The court did affirmatively instruct the jury on the necessity of a showing of malice: it did not instruct the jury that they could impute malice from the defendant's participation in the robbery. Defense counsel did not object to the instructions given by the court.

The jury returned a verdict of guilty of first-degree murder and defendant was sentenced to life

imprisonment. He appeals as of right, alleging four separate errors.

The defendant first alleges reversible error in the court's refusal to instruct the jury on the offense of manslaughter. It was argued by defendant that manslaughter is necessarily a lesser included offense when murder is charged. The controversy in this regard was recently resolved by the Supreme Court in *People v Van Wyck,* 402 Mich 266, 268, 269–270; 262 NW2d 638 (1978). The Court stated:

"We hold that *manslaughter is not a necessarily included offense within the crime of murder* but that it may nonetheless be an included offense if the evidence adduced at trial would support a verdict of guilty of that crime.

\* \* \*

"The absence of mitigating circumstances need not be established in order to convict one of first- or second-degree murder. Consequently, it cannot be said that voluntary manslaughter is a necessarily included offense within the crime of murder; it is incorrect to state that it is impossible to commit first- or second-degree murder without having first committed manslaughter.

"It remains to be decided in these cases, however, *whether the evidence adduced at trial would have been sufficient to support a jury verdict of guilty of the offense of manslaughter.* If the evidence would have been sufficient to support such a verdict, it was reversible error for the trial court, on request, to refuse the requested instruction." (Emphasis added.)

The evidence placed before the jury in the instant case would not support a verdict of common-law manslaughter. No evidence was presented tending to show that the police officer was shot accidentally or in the heat of passion. *Van Wyck, supra,* at 269. Since no evidence of the existence of

mitigating factors which would reduce the offense to common-law manslaughter was brought forth at trial, it was unnecessary for the court to instruct the jury on that offense.

Under MCL 750.329; MSA 28.561, a separate offense of manslaughter is statutorily defined as causing death by the intentional discharge of a firearm without malice. Since the jury was twice instructed that it must find malice in order to convict the defendant of felony murder, and since the jury did find the defendant guilty of felony murder, it is clear that the charge of manslaughter would not lie under this section. Therefore, it was not error for the court to refuse to instruct the jury on manslaughter.

Next, defendant alleges that repeated misstatements of the felony-murder doctrine by the court and by both counsel "removed the essential element of malice from the jury's consideration" under the authority of *People v Fountain,* 71 Mich App 491, 506; 248 NW2d 589 (1976). Regardless of whether *Fountain or People v Till,* 80 Mich App 16; 263 NW2d 586 (1977), correctly states the Michigan law of felony murder, the trial court's instructions to the jury met even the more stringent requirements. The misstatements to which the defendant refers consisted of defining felony murder as participating in the commission of a robbery during which a "killing" occurs.

Since the defendant did not object to the instructions given, this issue was not preserved for review under *People v Hall,* 396 Mich 650, 657; 242 NW2d 377 (1976). Nevertheless, we wish to add that at most, this loose phraseology bandied about the courtroom was merely harmless error. It appears that it was used primarily to characterize the people's theory of the case, and all parties care-

fully instructed the jury that counsels' statements did not constitute fact or law. Furthermore, the court gave the jury the Standard Michigan Criminal Jury Instructions on felony murder, including the instruction requiring a finding of malice. At the jury's request, these particular instructions were repeated. Any defects resulting from the fact that during the course of the trial the parties tended to paraphrase this rule were cured by the court's proper statement of the rule in its instructions.

The defendant also alleges error in the trial court's denial of defendant's motion for a change of venue, arguing that pretrial publicity precluded a fair and impartial trial in Washtenaw County. MCL 762.7; MSA 28.850 provides for a change of venue under such circumstances in the discretion of the trial court. The court's decision on such a question will be reversed only if this Court finds a clear abuse of such discretion. *People v Swift,* 172 Mich 473; 138 NW 662 (1912), *People v Kochan,* 55 Mich App 326; 222 NW2d 317 (1974).

In reliance on *Swift, supra,* the trial court delayed decision on this matter pending voir dire examination of prospective jurors. The jury finally impaneled consisted of three persons who had heard no media accounts of the case, two persons who had probably heard something but could remember no details, and seven other persons who vaguely remembered the media accounts of the crime but who remembered few, if any, details. All stated unequivocally that their verdict would be unaffected by any matter extraneous to the evidence adduced at trial. That some jurors had read or seen media accounts of the incident is not sufficient grounds for a change of venue, absent some showing of potential prejudice. See *Murphy v*

*Florida,* 421 US 794; 95 S Ct 2031; 44 L Ed 2d 589
(1975), *People v Ranes,* 63 Mich App 498, 503–504;
234 NW2d 673 (1975), *People v Collins,* 43 Mich
App 259; 204 NW2d 290 (1972), *lv den,* 391 Mich
798 (1974), *cert den* 419 US 866; 95 S Ct 121; 42 L
Ed 2d 103 (1974), *habeas corpus den* 539 F2d 597
(CA 6, 1976). As noted above, only 13 jurors were
excused for cause, three such challenges having
been denied. Three of the jurors excused for cause
were excused for reasons other than potential bias
against the defendant.

The defendant's contention was litigated exten-
sively in *Collins, supra,* and the facts of that case,
as set forth in Mr. Justice LEVIN's discussion of
Collins' petition for leave, 391 Mich 798, 806–807
(1974), are illuminating. In *Collins, all* 126 poten-
tial jurors had heard about the case. Sixty prospec-
tive jurors admitted they could not give the de-
fendant the benefit of the presumption of inno-
cence. The defense exercised 19 peremptory chal-
lenges.

The Court of Appeals' opinion in *Collins,* 43
Mich App at 262–267, indicated that the following
factors were relevant to denial of his motion for
change of venue:

1) Several months elapsed between the prepon-
derance of media coverage and jury selection.

2) The voir dire was conducted "meticulously"
with individual questioning. At its conclusion de-
fense counsel stated "We have a jury".

3) Adverse publicity did not continue up to and
through the actual trial.

4) The trial court found no "strong community
feeling" or "pattern of deep and bitter prejudice
against defendant".

5) The record did not indicate that the jury was

biased or that the defendant was convicted on extrinsic evidence.

Each of these factors applies equally to the case at bar, with the exception of Collins' counsel's expression of satisfaction with the jury selected, with three peremptory challenges remaining unused. Mr. Justice LEVIN's discussion, noted above, suggested that counsel's remark *did not* constitute a waiver of his prior objections, 391 Mich at 806; therefore, these two cases may be compared on an equal basis. If anything, the transcript of the proceedings in this case, when compared with *Collins,* indicates that pretrial publicity was less extensive in the instant case than it was in *Collins.* Fewer of the prospective jurors examined were familiar with the case prior to trial and fewer considered themselves incapable of rendering an impartial verdict. Most importantly, in a case of this nature, each juror finally selected indicated an ability to render a fair and impartial verdict based upon the evidence. See *People v Wyskochil,* 76 Mich App 468; 257 NW2d 126 (1977), *People v Moore,* 51 Mich App 48; 214 NW2d 548 (1974), *People v O'Guin,* 26 Mich App 305; 182 NW2d 103 (1970), *People v Bloom,* 15 Mich App 463; 166 NW2d 691 (1969), MCL 768.10; MSA 28.1033. We find no abuse of discretion in the court's denial of defendant's motion for a change of venue. Taken as a whole, especially in light of *Collins,* we cannot say that the trial court was clearly wrong in finding no "reasonable likelihood" of deep-seated community prejudice.

Finally, the defendant claims that the court abused its discretion in denying defense counsel's challenge for cause of two prospective jurors, since defendant was thereby required to utilize peremptory challenges to remove these jurors from the

panel. Defendant used his final peremptory challenge to excuse a third juror, but does not allege error with regard to the court's denial of defendant's challenge of this juror for cause.

GCR 1963, 511.4 sets forth the permissible grounds upon which a challenge for cause may rest. Among these are:

"(3) that the person is biased for or against a party or attorney;

"(4) that the person shows a state of mind which will prevent him from rendering a just verdict, or has formed a positive opinion on the facts of the case or as to what the outcome should be."

One of the veniremen whom defendant claims should have been excused for cause under these provisions was only marginally acquainted with the facts of the crime. He stated that he knew that a shooting had occurred following a bank robbery. He had read "no more than two" articles relating to the crime and remembered no details at the time of trial, more than eight months later. Counsel for the defendant was more concerned over the fact that the juror had two sons serving as deputy sheriffs in Washtenaw County.

The second prospective juror whom defendant claims should have been excused had driven by the scene of the crime a few moments after it occurred, seeing only a crowd. He apparently followed subsequent events closely in the paper and thought that he recognized the defendant's name. He was acquainted with an assistant prosecutor (who would not be involved in the case), and may also have known two of the witnesses who were listed on the prosecutor's information.

Each of these gentlemen was questioned closely. Voir dire of the first juror ran ten pages in the

trial transcript, of the second, 16 pages. Each juror professed to be capable of rendering an impartial verdict based upon the evidence and the law alone.

Once again, the trial court's determination of this matter will be reversed only where this Court finds a clear abuse of discretion. *Rice v Winkelman Brothers Apparel, Inc,* 13 Mich App 281, 287; 164 NW2d 417 (1968). The burden of proof is on defendant to show that these jurors were potentially biased, and a juror's expressed lack of prejudice and ability to render an impartial verdict are all that is required to uphold selection of the juror. *People v Moore, supra.* As noted above, *each of these jurors felt they could render an impartial verdict.*

With respect to the first venireman, we find the trial court's denial of challenge for cause clearly *not* to have been an abuse of discretion. *Cf. United States v Caldwell,* 178 US App DC 20; 543 F2d 1333 (1974). Refusal to excuse the second juror seems to be within the court's discretion under GCR 1963, 511 and MCL 768.10; MSA 28.1033. Although no Michigan court has considered this issue, the Federal court system holds that even a juror's friendship with the attorney prosecuting the case need not necessarily disqualify him. *Lane v United States,* 321 F2d 573 (CA 5, 1963), *cert den* 381 US 920; 85 S Ct 1551; 14 L Ed 2d 440 (1965). Similarly, other courts have considered friendship with a witness not to be sufficient to disqualify a juror. *State v Dodson,* 551 SW2d 932 (Mo App, 1977). Given the fact that this juror was not certain that these witnesses were his acquaintances, and that his complete testimony during voir dire does not suggest bias, we decide to allow the trial court's decision to stand.

Affirmed.

P. J. MARUTIAK, J., concurred.

M. J. KELLY, J. *(concurring).* I concur in affirmance and take this opportunity to again suggest that an instruction on malice ought not to be necessary in a prosecution for felony murder. I take this, my first opportunity to endorse the dissenting opinion of my learned brother, Judge NATHAN J. KAUFMAN, in the case of *People v Wilson,* 84 Mich App 636; 270 NW2d 473 (1978).