PEOPLE v WILSON

Docket No. 75308. Submitted November 7, 1984, at Grand Rapids.— Decided February 19, 1985.

Raymond Wilson was convicted of receiving and concealing stolen property over $100, Berrien Circuit Court, William S. White, J. Defendant appealed, alleging that he was denied a fair and impartial jury because two of the jurors had also served on the jury panel in an earlier trial of defendant on the same charge. That trial had ended in a mistrial. *Held:*

The jurors were not per se disqualified merely because they had gained information about the case from the prior trial. The jurors were questioned and indicated that they would afford the defendant a fair and impartial trial. Defense counsel had not exhausted his peremptory challenges, and he stated that he was satisfied with the jury. Defendant has not shown any actual prejudice on the part of the jurors.

Affirmed.

CRIMINAL LAW — JURY — PREJUDICE OF JURORS.

The mere fact that a juror has information regarding a case gained from sitting on a prior jury will not per se disqualify him from serving as a juror; a defendant must make an actual showing of prejudice on the part of the juror in order for a court to find that the defendant has been denied a fair and impartial jury.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *John T. Burhans,* Assistant Prosecuting Attorney, for the people.

*Michael C. Dorstewitz,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE

47 Am Jur 2d, Jury §§ 306-311.

Juror's presence at or participation in trial of criminal case (or related hearing) as ground of disqualification in subsequent criminal case involving same defendant. 6 ALR3d 519.

Before: R. B. Burns, P.J., and Allen and T. L. Brown,* JJ.

R. B. Burns, P.J. Defendant was convicted by a jury of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. He appeals and we affirm.

This case was the defendant's second trial for the charged offense. His first trial ended in a mistrial on April 14, 1983, after a prosecution witness testified that defendant was arrested in jail, thereby alluding to the fact that defendant had prior convictions.

At defendant's retrial on June 9 and 10, 1983, it became apparent that six prospective jurors had also served on the panel of the defendant's previous trial. Four of these jurors were removed from the panel by peremptory challenges or challenges for cause. The other jurors, however, were not challenged by either attorney and, therefore, remained on the panel. Each juror was examined by both attorneys as to his ability to be impartial. Each juror stated that neither his prior involvement as a juror nor his reading of newspaper articles concerning the case would affect his impartiality.

When questioned by the trial court, defendant's attorney, who had nine peremptory challenges still available at the end of the jury selection, stated that he had no further challenges and was satisfied with the jury. After defendant was convicted, he brought this appeal claiming that he was denied a fair and impartial trial as a result of the composition of the jury.

In *People v Mol,* 137 Mich 692; 100 NW 913 (1904), the Michigan Supreme Court determined that the defendant was denied a fair and impartial

* Circuit judge, sitting on the Court of Appeals by assignment.

jury when six of the jurors who sat on the panel that convicted him had sat on a previous panel that had convicted the defendant's codefendant a few days before. In *Mol,* the Court found that the trial court's denial of the defendant's challenge for cause was unwarranted since, in the Court's opinion, jurors who have had an opportunity to determine the question of another individual's guilt or innocence upon substantially the same testimony and evidence as presented in the case now before them are not the "impartial" jurors to which a defendant is constitutionally entitled.

Similarly, in *People v Kamischke,* 3 Mich App 236; 142 NW2d 21 (1966), this Court ruled that the defendant's constitutional right to a trial by an impartial jury was violated when six members of the jury that convicted him had previously sat on a panel which had convicted his accomplice.

On the other hand, in a separate line of cases, this Court has found that the mere fact that a juror has information from a prior trial will not per se disqualify him. *People v McCarver (On Remand),* 87 Mich App 12; 273 NW2d 570 (1978), *lv den* 406 Mich 964 (1979); *People v Wyskochil,* 76 Mich App 468; 257 NW2d 126 (1977). In *Wyskochil,* this Court held that, where the challenged jurors have indicated during voir dire that they would afford the defendant a fair and impartial trial and where the defense counsel has failed to exhaust his peremptory challenges, there are no grounds for finding that the defendant was denied a fair and impartial jury. Hence, it appears that a defendant is required to make an actual showing of prejudice on the part of the jurors in order for a court to find that the defendant has been denied a fair and impartial jury.

In this writer's opinion it would be better prac-

tice not to have any jurors on a jury who had previously participated in another trial involving the defendant. However, where, as here, when questioned by the trial court, defendant's attorney, who had nine peremptory challenges still available, stated that *he had no further challenges and that he was satisfied with the jury,* the defendant was not denied a fair trial and has no complaint.

Affirmed.