**UNITED STATES of America**
v.
**Willis DANIELS.**
**Crim. No. 73–499.**

United States District Court,
E. D. Pennsylvania.

Sept. 24, 1974.

**398**

Joseph M. Fioravanti, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Barton A. Haines, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Defendant was convicted by a jury on three counts of unlawfully distributing methamphetamine hydrochloride, a non-narcotic controlled drug, in violation of 21 U.S.C. § 841. Before the court is his motion for a new trial or alternatively, a judgment of acquittal.

Defendant alleges various reasons in support of his motion, only three of which deserve discussion.

Defendant first argues that I erred in refusing to strike for cause prospective jurors who had served on another jury involving the same type of case and the same Assistant United States Attorney.[1]

■■ It is well established that bias cannot be inferred merely because a juror has previously served on a case in which the same witnesses and similar facts were involved. United States v. DeMet, 486 F.2d 816 (7th Cir. 1973). To sustain such a challenge for cause, a defendant must show actual prejudice. Government of Virgin Islands v. Cruz, 478 F.2d 712 (3d Cir. 1973). There was no such showing on the part of the defendant.

■ The next allegation of error on my part was my refusal to accept Mr. Daniels' plea of guilty. F.R.Cr.P. 11 provides that a court may refuse to accept a guilty plea, and shall not accept such a plea without first addressing the defendant to see that the plea is being entered knowingly and voluntarily. Here, in the middle of the third day of trial, defendant's counsel informed me that Mr. Daniels wished to change his plea. I excused the jury and questioned Mr. Daniels to comply with the requirements of the Constitution and F.R.Cr.P. 11. During this dialogue, which covered 41 pages of the record, Mr. Daniels vacillated. As I understood him, he said he wished to plead guilty, but his version of the facts plainly showed he was denying guilt. Although it is certainly true that an admission of guilt is not a constitutional prerequisite to the acceptance of a guilty plea, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.

---

1. The record is silent on this matter, and I have no recollection of *any* question concerning the selection of the jury having been raised.

2d 162 (1970), there is no absolute right to have a guilty plea accepted. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). After hearing the defendant, I was convinced he was not sincere in expressing a desire to plead guilty and that if I accepted the plea, he would later attempt to withdraw it. In any event, the remedy for my failing to accept a plea of guilty that should have been received would hardly be a new trial.

■■ Finally, defendant contends I erred in refusing to instruct the jury as requested. A word of background is required: the principal defense was entrapment and to demonstrate defendant's propensity to commit the crime charged, the government proved he had previously been convicted of selling drugs. This evidence was properly received. United States v. Silver, 457 F. 2d 1217, 1219 (3d Cir. 1972). See 1 Wigmore, Evidence § 59, at 149 (3d ed., W. Reiser, Jr. ed., Supp. 1972). In my charge, I told the jury it could consider this part of the defendant's criminal record when passing upon the entrapment issue. Defense counsel then asked me to instruct the jury that an absence of drug-sale convictions in the defendant's "longest past" might negate the fact of predisposition. I refused this request. The probative value of similar, recent crimes in the rebuttal of an entrapment defense is the showing of a defendant's willingness and intent on past occasions to engage in similar unlawful activity. The converse does not follow —the fact that he did not commit a similar crime ten or twenty years ago is of no probative value as to his predisposition now. This is particularly true so far as drug-related crimes are concerned. A forty-year old man who starts with drugs begins a new life— past prior lawful conduct is no indication of his present propensities.

For the above reasons, I conclude the defendant's motion for a new trial or a judgment of acquittal must be denied.