### The State v. Joseph Judge, Appellant.

Division Two, June 25, 1926.

1. **TRANSCRIPT: Commingling Record Matter and Exceptions.** Notwithstanding a plea in abatement, the motion for a new trial, the instructions and the alleged exceptions are set out at length as a part of the record proper, the case will be considered on its merits ·if those things and the evidence and the rulings thereon are also set out in the bill of exceptions, and the record proper contains the information, verdict and other record matters. ·

2. **ILLEGAL VOTING: Verdict: Punishment.** A verdict finding defendant guilty of the offense of illegally voting at a primary election as charged in the indictment and assessing his punishment at one year's imprisonment in the county jail and a fine of one thousand dollars, is within the law (Secs. 3209, 4748, 4853, R. S. 1919).

3. ———: **Substantial Evidence.** Substantial evidence produced by the State tending to show that on the date of the primary election and for several years prior thereto defendant was a resident and citizen of the city of St. Louis, and that with full knowledge of those facts he voted at a certain precinct in St. Louis County, knowing at the time that he was not a resident of the county and was not entitled to vote at said precinct, is sufficient to support a verdict finding defendant guilty of illegal voting.

4. **APPEAL: Indefinite Assignment: Illegal Voting.** An assignment that an undesignated statute "provides that the ballots cast in an election shall in no way be used, or any information disclosed that would tend towards showing who voted any ballot," pointing out no particular statute claimed to have been violated, nor what the trial court said or did in respect to said subject, nor any specific ruling relating thereto, and referring to no portion of the

record where an exception was saved to the ruling of the court, if one was made, presents nothing for review.

5. ———: ———: **Specifications.** The brief of appellant should at least set out what were the rulings of the trial court, that exceptions thereto were saved, and the pages of the record where such rulings and exceptions are to be found. Mere abstract propositions of law, with nothing to show how they were applied, or whether there was any ruling at all relating to them, or what was done or said in connection with them, or what particular statute, if any, was violated, or where in the record anything is to be found pertaining to such subjects, present nothing for review.

6. **ELECTIONS: Legal Voter: Instruction.** Where no instruction was asked defining a legally qualified voter, and none was necessary to enable the jury intelligently to pass upon the merits of the case, but the instruction given clearly and pointedly directed the jury that if they found that defendant resided in the city of St. Louis on the day the primary election was held and long prior thereto and voted at a certain precinct in St. Louis County, knowing that he was not a qualified voter there, to find him guilty, the court did not err in failing to define what a legally qualified voter is.

7. ———: **Time: Judicial Notice.** The courts take judicial notice of the time and place of holding a primary election prescribed by public statutes to be held on a designated date at all precincts in the State.

8. **INSTRUCTION: Circumstantial Evidence.** It is necessary to instruct on circumstantial evidence only when the State relies solely on such evidence for a conviction. Where practically all the evidence was given by witnesses who testified as to the residence in a certain county of a defendant charged with illegal voting, and in respect to his voting illegally in another county, no instruction on circumstantial evidence was required.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 978, p. 525, n. 52; Section 2401, p. 993, n. 21; Section 2433, p. 1008, n. 4; p. 1009, n. 6; Section 2498, p. 1057, n. 24; 17 C. J., Section 3393, p. 114, n. 76; Section 3414, p. 125, n. 30; Section 3415, p. 126, n. 35; Section 3418, p. 128, n. 54; Section 3458, p. 168, n. 84 New; Section 3475, p. 181, n. 38; Section 3480, p. 183, n. 50. **Elections,** 20 C. J., Section 432, p. 289, n. 41; Section 433, p. 289, n. 47; Section 455, p. 298, n. 14; Section 456, p. 299, n. 26, 28; Section 457, p. 300, n. 31. **Evidence,** 23 C. J., Section 1947, p. 129, n. 96.

Appeal from Circuit Court of St. Louis County.—Hon. G. A. Wurdeman, Judge.

AFFIRMED:

*E. McD. Stevens* for appellant.

(1) Section ———, Revised Statutes 1919, provides that the ballots cast in an election shall in no way be used, or any information disclosed that would tend towards showing who voted any ballot, etc. State ex rel. Copeland v. Wurdeman, 295 Mo. 458. (2) There was insufficient evidence as to the residence of defendant. Witness Moore was permitted to testify over objection of defendant by stating his conclusion as to residence of defendant. A witness is to state facts rather than opinions. Walton v. Ry. Co., 40 Mo. App. 544. (3) The court erred in failing to define what a legally qualified voter is. State v. Hardelein, 169 Mo. 579. (4) The court erred in taking judicial notice that there was an election legally held on August 1, 1922, because if there was no legal election there can be no offense at voting at it. (5) In a criminal case it is the duty of the court,

under Sec. 4025, R. S. 1919, to instruct the jury on all essential questions of law whether requested or not. State v. Slusher, 301 Mo. 286; State v. Conway, 241 Mo. 271; State v. Gaultney, 242 Mo. 388; State v. Mullins, 292 Mo. 44. (6)  Sec. 4807, R. S. 1919, provides the offense of a disqualified voter voting at a primary election as a misdemeanor and covers all the law on the subject of voting at a primary election. It therefore follows that the court erred in instructing on a felony, as the felony statute provides for voting at a general election, is a general law, and where there is a general and special law the special law will take precedence. Defendant did not need to request such instruction. State v. Gibreath, 267 S. W. 880; Secs. 4839, 4805, 4807, 5954, R. S. 1919.  (7)  If the defendant voted at said election there is no evidence that he knowingly cast a ballot unlawfully, etc.  The defendant being a duly appointed election judge, served with notice as such by the county court, had a right to presume that he was a qualified voter at said time and place, and without some direct positive evidence to the contrary is presumed to have acted rightfully and lawfully, and is presumed to have a right to vote at said time and place; therefore if he did vote as charged, the court cannot say as a matter of law, and the jury cannot find as a matter of fact, that the defendant feloniously voted, but could only find that he was a disqualified voter, voting at a primary election, which charge is a misdemeanor.  (8)  If there be any doubt whether a statute embraces the offense the doubt is to be resolved in favor of the accused. 1 Bishop on Criminal Law, sec. 134; Dooley v. Jackson, 104 Mo. App. 32; United States v. Morris, 14 Pet. 464; United States v. Sheldon, 15 Wheat. 119.

*North T. Gentry,* Attorney-General, and *Harry L. Thomas* and *A. B. Lovan,* Special Assistant Attorneys-General, for respondent.

(1)  The verdict is sufficient and in proper form. R. S. 1919, sec. 3224.  (2)  Matters of exception are not preserved and brought before the court in such form as to merit review. State v. Walker, 194 Mo. 367; State v. Rollinger, 256 S. W. 460; State v. Cole, 273 S. W. 1037; State v. Brown, 279 S. W. 98.  Where no bill of exceptions is filed, the appellate court will proceed to a determination of the appeal upon the record proper only. R. S. 1919, sec. 4106; State v. Brown, 279 S. W. 98; State v. Hodges, 234 S. W. 789.  There is no bill of exceptions in this case because the bundle of papers filed, all of which are labeled bill of exceptions, commingles matters of exception with record proper to such an extent that it renders the bill of exceptions fatally defective. It is impossible from an examination of this transcript to determine where either the record proper or bill of exceptions begins or ends. St. Louis v. Young, 248 Mo. 346; Cunningham v. School District, 215 S. W. 249; Reno v. Fitz Jarrel, 163 Mo. 411; Clay v. Publishing Co., 200 Mo. 665.

RAILEY, C.—On October 23, 1922, the grand jury of St. Louis County, Missouri, returned into the circuit court of said county an indictment, charging that on August 1, 1922, the defendant unlawfully, knowingly, fraudulently and feloniously did cast a ballot, and voted in the primary election held in said county on the above date, he not being a qualified voter of said county, and not having resided therein sixty days prior to said August 1, 1922, etc. Defendant was formally arraigned and entered a plea of not guilty. On June 1, 1923, a jury before whom the case was tried, returned into open court the following verdict:

"We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at one year imprisonment in the county jail and a fine of one thousand dollars."

Immediately following the entry of the court record setting out said verdict the following appeared:

"And thereupon the court doth defer sentence herein," . . .

On June 5, 1923, defendant, as shown by the record, filed his motion for a new trial, which was overruled on February 4, 1924. Thereafter, on May 3, 1924, an appeal was allowed defendant to this court. The record recites that on August 8, 1924, appellant filed in said court his bill of exceptions.

On December 4, 1924, the record discloses, the mandate of this court was filed in the circuit court aforesaid as follows:

"STATE OF MISSOURI, ..........SCT.

"THE STATE OF MISSOURI,

"To THE CLERK OF THE CIRCUIT COURT of St. Louis County, Greeting:

"Whereas, It has been suggested to our Supreme Court of the State of Missouri that the transcript of the record and proceedings in a certain cause lately pending in the Circuit Court of St. Louis County, wherein the State of Missouri was plaintiff and Joseph Judge was defendant, and which said cause was brought into our said Supreme Court, on appeal, is imperfect, insufficient and diminshed. And whereas, our said Supreme Court is satisfied that the said record does not contain a full, true and complete transcript of the proceedings had in said Circuit Court of St. Louis County, in that said transcript fails to show the judgment and sentence of the Circuit Court of St. Louis County upon the verdict of guilty returned by the jury in said cause:

"These are, therefore, to command you, as before you were commanded, that you send up forthwith to our said Supreme Court at the City of Jefferson a full, true and complete transcript of said proceedings, certified under the seal of said Circuit Court of St. Louis County, so that our said Supreme Court may proceed to do justice herein between the parties. And have you then and there this writ.

"WITNESS: J. D. ALLEN, Clerk of the Supreme Court of Missouri, with the seal of said court hereunto affixed. Done at office in the City of Jefferson, State aforesaid, this 3rd day of December, 1924.

"J. D. ALLEN, Clerk."

"A. L. PRYOR, D. C."

The circuit clerk made a return to this court reciting that the record here was correct, which disclosed on its face that no judgment was entered in the circuit court on the verdict of the jury, nor was defendant sentenced pursuant to said verdict. On the clerk's return *supra*, the Attorney-General filed a motion to dismiss the appeal and to remand the cause to the circuit court in order that a proper judgment should be entered in the case. On December 31, 1924, this court dismissed the appeal on the ground that appellant had not perfected his appeal within the time required by law. Thereafter the mandate of this court was transmitted to the circuit court, and the latter, on January 8, 1925, entered judgment in due form and pronounced sentence on defendant in conformity to the verdict aforesaid. A new affidavit for appeal was filed in the circuit court on the last-named date, and an appeal was granted to this court. A new transcript was filed herein on September 22, 1925, which contains the evidence adduced at the trial, including the instructions, rulings of the court, etc.

There was substantial evidence offered on the part of the State tending to prove the following facts: That on August 1, 1922, a primary election was held in the State of Missouri, in St. Louis County, Missouri, and at the polling place of Home Heights in said county, for the purpose of making nominations of candidates for certain public offices, to-wit; Senator of United States from Missouri; member of Congress from the 10th Congressional District of the State; State, county and township officers, etc.; that the defendant, Joseph Judge, appeared at said regular polling place in Home Heights aforesaid and for a time acted as receiving judge at said election; that defendant received from Oliverson, clerk of said election, a ballot; that the defendant's name was given to the clerk and entered on line 12 of the book; that after getting said ballot he was given a number on line 12; that defendant was in charge of the ballot box where the ballots were deposited, after they had been prepared by the voter; that the right of defendant to vote at said election at above precinct was challenged; that he left there, ceased to act as judge and did not return.

Thomas D. Moore testified that he had known defendant for about the last three years; that he knew defendant on or about August 1, 1922; that defendant lived at 1482a Goodfellow Avenue in the city of St. Louis, Missouri; that his wife and one child lived with him; that Moore asked defendant what right he had to act as judge there,

when he was a resident of the city of St. Louis, Missouri; that defendant said he resided in the county; that Moore asked him when he moved to the county, and told him that his family lived at 1482a Goodfellow Avenue, St. Louis, Missouri; that Judge Underwood then asked if defendant was willing to make an affidavit that he resided in the county, and defendant said he did not have to; that one of the judges told defendant to stand aside; that defendant left and another judge took his place; that he had seen defendant almost daily prior to August 1, 1922.

Without undertaking to set out the evidence in detail we think the State produced substantial evidence tending to show that defendant voted at the above election on August 1, 1922, in St. Louis County and, that at the time of doing so, was a resident of the city of St. Louis, Missouri.

The instructions and rulings of the court will be considered in the opinion.

I. Counsel for respondent have raised the question as to whether there is anything for consideration here, except the record proper. We have never come in contact with a more unsatisfactory record than that presented in this case. As a part of the record proper, a plea in abatement, motion for a new trial, the instructions and alleged exceptions, are set out at length, when they properly belonged in the bill of exceptions. We have endeavored for many years, in numerous decisions, to point out to counsel, the difference between the requirements of the record proper and the bill of exceptions. The indictment is a part of the record proper, and is correctly set out at length. The record proper, although containing matters which have no place therein, shows that a trial was had before a jury; that the latter returned a verdict, which is also a part of the record proper; that a motion for a new trial was filed and overruled; that judgment was rendered and sentence pronounced in conformity with said verdict; that an appeal was allowed to this court, and that a bill of exceptions was filed herein.

Turning to the bill of exceptions, we find that it contains the evidence given at the trial, with the rulings of the court in respect to same; that it contains the instructions, verdict, motion for a new trial, the action of the court in overruling same, the granting of an appeal and the filing of a bill of exceptions. We also find a certificate of the clerk as to the correctness of said entries, etc.

Leaving out of consideration the irregularities heretofore mentioned, we hold that the record proper and bill of exceptions before us are sufficiently presented to warrant us in passing upon the merits of the case.

315 Mo.—11.

**Commingling Record and Exceptions.**

II.    The indictment is sufficient as to both form and substance. [State v. Pearson, 288 Mo. 1. c. 106; Sec. 4748, R. S. **Indictment.**    1919; Sec. 4853, R. S. 1919.]

III.    The jury found defendant guilty as charged in the indictment, assessed his punishment at one year's imprisonment in the penitentiary, and imposed a fine of one thousand dollars. **Verdict.**    The verdict is supported by the evidence, and is within the law. [Sec. 3209, R. S. 1919; Sec. 4748, R. S. 1919; Sec. 4853, R. S. 1919.]

IV.    The defendant was not sworn as a witness, and demurred to the State's evidence at the conclusion of same.    The demurrer was overruled, and no evidence was offered by defendant.    Upon a careful examination of the testimony, we are of the opinion that the State produced substantial evidence tending to show that on August 1, 1922, and for several years prior thereto, the defendant was a resident and citizen of the city of St. Louis, Missouri; that with full knowledge of said fact, he voted at the election held in St. Louis County, Missouri, knowing at the time, he was not a resident of said county and was not entitled to vote at said election.    We accordingly hold, that the court committed no error in overruling the demurrer to the evidence.

**Instructions.**    V.    The court gave, over the objection of defendant, instructions numbered 1 and 3, which read as follows: "1.    The court instructs the jury that if you believe and find from the evidence that at the County of St. Louis and State of Missouri on the 1st day of August, 1922, a primary election was held in pursuance to the Constitution and the Laws of the State of Missouri for the purpose of making nominations of candidates for certain state, county and judicial offices, and for the purpose of electing committeemen for the several political parties for the various townships of said county, and that the polling place of Home Heights was a regular and lawfully established election precinct in Central Township in said county and that the defendant, Joseph Judge, did appear before the duly appointed and qualified judges of election for said election precinct and did then and there unlawfully, knowingly, fraudulently and feloniously apply for and receive a ballot and did then and there in said Home Heights election precinct unlawfully, knowingly, fraudulently and feloniously cast said ballot and vote at said primary election and give his ballot to the judge of said primary election and cause his name and vote to be entered on the poll books and his ballot to be numbered and deposited in the ballot box of said primary election; and if you further find that at said time the said

defendant, Judge, was not a resident of said Central Township nor a resident of said County of St. Louis and that said Judge voted at said primary election knowing that he was not a qualified voter of said township and county and that he was not entitled to vote, then you will find the defendant guilty as charged in the indictment and assess his punishment by imprisonment in the penitentiary not less than two years nor exceeding five years or by imprisonment in the county jail not exceeding one year or by a fine of not less than fifty dollars or by both such fine and imprisonment.

"3. The defendant is in law presumed to be innocent, and this presumption attends him throughout the trial until his guilt is proven beyond a reasonable doubt, and you cannot convict him unless the State has proven his guilt to your satisfaction and beyond a reasonable doubt. If upon consideration of all the evidence in the case, you have a reasonable doubt of his guilt, you should give him the benefit of such doubt and acquit him, but a doubt to authorize an acquittal on that ground alone should be a substantial doubt and one fairly arising from the evidence considered as a whole; the mere possibility that the defendant may be innocent will not warrant you in acquitting him on the ground of reasonable doubt."

These instructions were based on the evidence and properly declared the law of the case. The defendant asked no instruction, aside from his demurrer to the evidence. The above contention is without merit.

VI. The defendant, in his motion for a new trial, sets out twenty-four grounds in support of same. In his assignment of errors he has reproduced in his brief the first twenty-three points **Indefinite** set out in the motion for a new trial. He then sets out **Assignment.** under his "Points and Authorities," twenty-six alleged assignments of error, the first of which reads as follows:

"Section ――, Revised Statutes 1919, provides that the ballots cast in an election shall in no way be used, or any information disclosed that would tend towards showing who voted any ballot, etc."

This assignment points out no particular section of the statute which it is claimed was violated. It does not show what the court did, or said, in respect to said subject, nor does it point out any specific ruling of the court relating to said question. It does not refer to any portion of the record where any exception was saved as to the ruling of the court.

As we have recently said in Bradbury v. Crites, 312 Mo. 694, where numerous cases are cited, it is not the province of this court to search the record, which is not even referred to, in order to determine whether there is merit in such contention. If counsel desire us to consider these matters, they should, in specific language, charge the

court with the error complained of, and set out the ruling of the court thereon, or designate the place in the record where the matter complained of can be readily found by the court. We are not interested in a discussion of abstract propositions of law or fact, except in so far as they relate to the rulings of the court on the matters complained of and, hence, counsel in their briefs should aid the court by setting out what was said or done, and give the page of the record where it is found. We have called attention to foregoing requirements in many decisions, some of which are as follows: Barnett v. Hastain, 256 S. W. 1. c. 753 and cases cited; State v. Yates, 252 S. W. 1. c. 644; School Dist. v. Phoenix Land & Imp. Co., 249 S. W. 1. c. 54; Maloney v. U. Rys. Co. of St. Louis, 237 S. W. 1. c. 512; State v. Stenzel, 220 S. W. 1. c. 884; Nevins v. Gilliland, 290 Mo. 1. c. 300; State v. Whitsett, 232 Mo. 1. c. 529; State v. Holden, 203 Mo. 1. c. 584.

In view of the foregoing authorities we decline to review the above assignment.

(a) The second proposition in the "Points and Authorities" relates to the demurrer to the evidence, and has already been overruled.

(b) Propositions 3, 4, 5, 6, 7 and 8 of appellant's "Points and Authorities," leaving off the cases cited, read as follows:

"3. A conclusion should be excluded where it is highly material to the issue;

"4. The existence of a particular legal status cannot be stated by a witness;

"5. A party's present or former residence cannot be proved by reputation or common report;

"6. Residence is largely a matter of intention and intention is to be deduced from act and utterances of the person whose residence is in issue;

"7. The word residence in the statute means domicile, and it has been held that the physical act of staying must be accompanied with the mental determination of making a home or domicile in the place where the party resides;

"8. On the trial of a person indicted for giving in a vote at an election, knowing himself to be a disqualified voter, when the only question is whether he had resided in the town where he voted six months next preceding the election, evidence that he resided in another town until within seven months of the election does not put upon him the burden of showing that he had changed his residence, but the burden of proof to support the indictment remains with the prosecution."

There is nothing in the foregoing abstract statements, either showing or tending to prove, that the trial court made any ruling that was in conflict with said statements. No ruling of the court is set

out, nor is any record pointed out as to where it could be found, if made. It was not only necessary to set out the ruling complained of, or show where it could be found, but it would have to appear, that an exception to said ruling had been taken and preserved.

Under the authorities heretofore cited, there is nothing before us for review as to any of the eight assignments heretofore mentioned.

VII. We will only consider the remaining assignments in the "Points and Authorities" where the court is charged with error.

VIII. Under proposition 9 of his "Points and Authorities," appellant asserts that: "The court erred in failing to define what a legally qualified voter is. [State v. Hardelein, 169 Mo. **Legal** 579.]" The case cited is without application here. No **Voter.** instruction was asked defining a legally qualified voter in this case, and none was necessary to enable the jury to intelligently pass upon the merits of the case. The instruction one heretofore set out correctly stated the law of the case and what the jury were required to find, in order to return a verdict of conviction.

This assignment is overruled.

IX. Under proposition 10 of the "Points and Authorities," it is charged, that: "The court erred in taking judicial notice that there was an election held on August 1, 1922, because if there was no legal election there can be no offense at voting at it."

Article 5 of Chapter 30 of the Revised Statutes of Missouri, is a public law, of which the courts will take judicial notice, and Section 4824 of said article provided for the election held in St. **Judicial** Louis County on August 1, 1922. The court committed **Notice.** no error in taking judicial notice of the provisions of said . law. [15 R. C. L. sec. 9, p. 1066; Shohoney v. Railroad, 231 Mo. l. c. 142; State v. White, 263 S. W. l. c. 194.] This contention is likewise overruled.

X. It is claimed in the motion for a new trial and under proposition 13 of appellant's "Points and Authorities" that the court should have given an instruction on circumstantial **Circumstantial** evidence, although none was presented or requested **Evidence:** by defendant. It was not necessary in this case **Instruction.** that an instruction on circumstantial evidence should have been given, as practically all of the evidence was given by witnesses who testified as to the residence of defendant in the city of St. Louis, and in respect to his illegally voting in St. Louis County. The law has been well settled in this State, to the effect, that it is only necessary to instruct on circumstantial evidence where the State

relies solely on such evidence for a conviction.   [State v. Seroski, 270 S. W. 1. c. 362; State v. Mulconry, 270 S. W. 1. c. 378; State v. Cox, 267 S. W. 1. c. 887 and cases cited; State v. Craft, 299 Mo. 1. c. 346; State v. Lyle, 296 Mo. 1. c. 439 and cases cited; State v. Baird, 288 Mo. 1. c. 65 and cases cited; State v. Emmons, 285 Mo. 1. c. 59; State v. Stegner, 276 Mo. 1. c. 440; State v. Massey, 274 Mo. 1. c. 588; State v. Bobbitt, 215 Mo. 1. c. 43; State v. Crone, 209 Mo. 1. c. 330; State v. Donnelly, 130 Mo. 642; State v. Fairlamb, 121 Mo. 1. c. 147; State v. Robinson, 117 Mo. 1. c. 663; State v. Moxley, 102 Mo. 374.] The above contention is without merit and overruled.

XI. We have examined the record and questions presented in this case with great care, and have reached the conclusion that de-

Conclusion.   fendant was convicted upon substantial evidence, after a fair and impartial trial. We are of the opinion, that no error was committed against him in the progress of the trial of which he can legally complain.

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court.   All of the judges concur.