**STATE, Plaintiff-Appellee, v. MAYS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2367.   Decided March 30, 1956.

Mathias H. Heck, Pros. Atty., By Francis C. Canny, Asst. Pros. Atty., Dayton, for plaintiff-appellee.

Herman D. Arnovitz, Dayton, for defendant-appellant.

(FESS and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

## OPINION

Per CURIAM:

Appeal on questions of law from a judgment and sentence of the Common Pleas Court of Montgomery County for violation of the Ohio Narcotics Act.

Prior to voir dire examination of prospective jurors, defendant moved to dismiss the jurors summoned and for the impaneling of a new jury on the ground that among the panel were persons who had participated in the trial of another defendant (but not a co-defendant), involving a similar charge and the same witnesses, the previous day. The motion was overruled. In view of the consistent practice that, excepting the trial of a first degree murder case, a venire continues to serve during the term for which it is called in a series of criminal and civil cases, the motion was properly overruled.

Four jurors who served at the previous trial, wherein the defendant had been convicted, were called and on voir dire counsel for defendant referred to the elements of the crime charged and inquired as to whether such jurors would require the State to prove such elements. There was no audible response. Counsel then inquired as to whether the jurors would follow the presumption of innocence, to which there was no audible response. No request was made to the court to require an audible answer to counsel's questions. No challenge for cause was interposed, but one of such jurors was excused upon peremptory challenge by the State, and two upon peremptory challenge by the accused, resulting in the substitution of three other jurors who participated in the previous trial.

Broad discretion is conferred upon the court in the performance of his duties incident to the impaneling of a jury, and an abuse of discretion must clearly appear, to justify reversal. **State v. Ellis, 98 Oh St 21.** Had a challenge for cause been made and overruled, a predicate for assignment of prejudicial error might have been afforded. **Helber v. State, 37 Oh Ap 333; 3 O. Jur. 2nd, 763.**

Defendant further contends that under the circumstances it was incumbent upon the court, under §2945.27 R. C., to examine the jurors as to their qualifications. Examination of jurors by the court is also a matter of discretion, and in the absence of a request therefor, the failure to do so does not constitute error prejudicial to the accused.

Defendant further asserts that the evidence did not reach the required degree of proof beyond a reasonable doubt because the testimony of the narcotic agent who purchased the drug was not corroborated by that of another agent who participated in the investigation, and

also because the testimony of the chemist who analyzed the drug and stated positively that it was heroin, was somewhat weakened with respect to his method of analysis, upon cross-examination. In our opinion, the positive and uncontroverted testimony of these two witnesses was sufficient to support the verdict.

Other assignments of error are likewise overruled.

Judgment affirmed, and cause remanded to the Court of Common Pleas for execution of sentence.

HORNBECK, PJ, FESS and DEEDS, JJ, concur.