## Commonwealth v. Fratto, Appellant.

584

Argued April 15, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*A. R. Cingolani, Jr.*, with him *August T. Costanzo*, and *Cingolani & Cingolani*, for appellant.

*Robert F. Hawk*, First Assistant District Attorney, with him *John H. Brydon*, District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., December 1, 1975:

The appellant, Samuel Fratto, was convicted in a jury trial of several gambling offenses proscribed by the Crimes Code.[1] After denial of post-trial motions, he was fined $1,500.00 and sentenced to six to twelve months imprisonment.

In this appeal, Fratto advances several contentions which are identical to those raised by Peter Betres, appellant in No. 79, April Term, 1975, 237 Pa. Superior Ct. 361, 352 A.2d 495 (1975). These arguments have been exhaustively discussed, and rejected, by Judge CERCONE in his majority opinion in the Betres appeal. In addition, however, Fratto contends that he was deprived of his

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1, 18 Pa. C.S. §5513(a)(2), (a)(3), (a)(4).

right to a trial by an impartial jury.[2] We agree with this contention, and therefore award a new trial.

Appellant's trial was held on July 1, 1974. The trial of Peter Betres occurred on June 26 and 27, 1974. Four of the first nine jurors called for Fratto's trial had served as jurors in the Betres case. Since Betres, like Fratto, had been tried for gambling offenses,[3] Fratto's counsel unsuccessfully sought to have the jurors challenged for cause because of the similarity of the cases. Several more jurors were then called; three of them had served as jurors in the Betres prosecution. It was necessary for Fratto's counsel to use all six of his peremptory challenges to exclude the Betres jurors from the Fratto jury. Nonetheless, since seven Betres jurors had been empaneled in the Fratto case, one, a Mrs. Wogan, still remained.

The charges against Betres arose out of gambling which had occurred at the German Beneficial Society in Lyndora, Pennsylvania, while Fratto's gambling activities took place at Dino's Bar in Penn Township. Betres and Fratto were not co-defendants, and the offenses for which they were tried arose out of distinct transactions. Nonetheless, the evidence at the Betres trial was such that the juror who was common to both trials almost certainly perceived a connection between the two men.

At the Betres trial, on direct examination by the Commonwealth, Trooper Riley, who along with Trooper Shaffer was an undercover agent in both the Betres and Fratto cases, testified to the gambling that he and Shaffer had done at the German Club:

"Q. How many games did you play?

A. During the course of the night we played a total of ten games. Nine were with Mr. Betres *and one with Mr. Sam Fratto.*

. . .

---

2.  U.S. Const. amends. VI, XIV; Pa. Const. art. I, §§6, 9.

3.  *See* note 1, *supra.*

> A. . . . . We played two more games at twenty dollars each, which I won at this time. We were even as far as money won-lost. *At this time Mr. Sam Fratto said he would play.*" Betres Record, 21a (emphasis added).

At this point, counsel for Betres objected to any reference to Fratto, and was sustained. The jury, however, had already heard the testimony, which must have been impressive, being given by a state trooper who had investigated both cases and who testified for the Commonwealth at both trials. Therefore, even though Betres gambled at the German Club and Fratto gambled at Dino's Bar, nonetheless it was to be anticipated that Mrs. Wogan, the juror common to both panels, would, when passing upon Fratto's guilt or innocence, connect Fratto with Betres.

The link connecting Betres and Fratto was forged even more strongly by testimony given later in the trial by Betres himself (Betres record, 76a):

> "Q. Okay. Now, then, you own this building [the German Club] with who else?
>
> A. Phil Fratto.
>
> Q. *And Mr. Sam Fratto has been around the court-house this week.* That is not the man you own it with?
>
> A. No.
>
> Q. Is Sam the brother of Phil?
>
> A. Younger brother." (Emphasis added).

Finally, the trial judge's own questioning of the juror revealed that Fratto suffered prejudice from Mrs. Wogan's presence on both juries. At page 18a of the Fratto record, the judge stated the question he would pose to each juror:

> "Q. . . . Any of you have such knowledge of the underlying facts that would prevent you from rendering an impartial verdict?"

The court then systematically asked each juror, first, whether he recalled the question the court had asked, and

second, what the juror's answer was. Each juror except Mrs. Wogan answered "Yes" to the first question and "No" to the second (Fratto record, 18a-20a). In contrast, the colloquy with Mrs. Wogan was as follows (at 20a):

> *The Court*: Mrs. Wogan, do you recall the questions I asked?
>
> *Mrs. Wogan*: Yes, sir.
>
> *The Court*: Your answers?
>
> *Mrs. Wogan*: Yes.
>
> *Mr. Cingolani* [defense counsel]: I do have to formally request you permit me to challenge Mrs. Wogan for cause.
>
> *The Court*: Overruled."

Thus the court's own voir dire had brought out Mrs. Wogan's inability to render an impartial verdict in the Fratto case. *See* Pa. R. Crim. P. 1107(B)(2) (examination of the jurors may be conducted by the judge); *cf. Commonwealth v. Celli*, 153 Pa. Superior Ct. 88, 92, 33 A.2d 97, 99 (1943). Any further voir dire by counsel was unnecessary.[4]

It is unquestionably true that "the mere fact that a juror has sat on a prior case involving similar issues and some of the same witnesses does not, absent some showing of resulting prejudice, disqualify the juror." *Virgin Islands v. Cruz*, 478 F.2d 712, 715 (3d Cir. 1973). *See also United States v. Daniels*, 64 F.R.D. 397, 398 (E.D. Pa. 1974); *Commonwealth v. Celli, supra* at 91-92, 33 A.2d at 98; *but cf., United States v. Cooper*, 332 F.2d 790, 791 (3d Cir. 1964) (by implication). The foregoing discussion, however, amply demonstrates actual prejudice, and belies the Commonwealth's contention that "[t]here is no evidence on the record that would indicate

---

4. The dissent's heavy reliance on *Celli, supra* at 92, 33 A.2d at 98, is misplaced. In *Celli*, unlike the situation here, there was no indication that Ms. Celli's name was mentioned in the six other vice cases heard by the jury who tried her. This distinction is very important.

that this one juror had any means or methods of swaying the decisions of the other jurors . . ." (Commonwealth's Brief, at 2).

The judgment of sentence is reversed with a *venire facias de novo.*

———

DISSENTING OPINION BY CERCONE, J.:

The charges against Samuel Fratto grow out of gambling which occurred at Dino's Bar on the evenings of March 17, 23 and 24, 1974. Fratto was arrested, tried by a jury, and convicted of violating subsections (a)(2), (3) and (4) of Section 5513 of the Crimes Code.[1] Motions for a new trial and arrest of judgment were argued and denied and Fratto was sentenced to 6 to 12 months imprisonment and fined $1,500.00. Fratto now appeals to this court claiming that he was deprived of his right to a trial by a competent and impartial jury. The facts which give rise to such a claim are as follows. The trial of one Peter Betres,[2] which resulted in his conviction, occurred on June 26 and 27, 1974. Betres was charged with the same crimes as Fratto and many of the witnesses at Betres' trial were also to testify at Fratto's trial. Fratto's trial took place on July 1, 1974. Of the first nine jurors called for Fratto's trial four were jurors from the Betres case. Counsel for Fratto urged that the court allow the jurors to be challenged for cause, since the cases were so similar. Such request was denied. Thereafter several more jurors were called, three of whom were from the Betres jury. Appellant was forced to use all six of his peremptory challenges to keep the Betres jury members off his case. However, since seven jurors were called from the Betres jury, he was forced to accept one.

———

1. Act of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S. §5513 (a)(2)-(4).

2. See *Commonwealth v. Betres,* 237 Pa. Superior Ct. 361 (1975).

A similar problem arose in the case of *Commonwealth v. Celli*, 153 Pa. Superior Ct. 88 (1943). In that case appellant asked for a continuance because her case was the seventh vice case tried before the same panel of jurors. Like the instant case appellant asserted that the jurors who had sat on prior cases with similar charges and witnesses could not give her a fair trial. In *Celli*, supra, as in the instant case, the appellant did no more than make a motion which asserted the claim of unfairness. The appellant did not establish that anything the jurors heard would, in fact, prejudice them against her. In *Celli*, supra, the court pointed out at p. 92:

> "A juror, to be qualified, need not 'eliminate everything that was said' from his mind, even though what he heard was in the court room or as a juror in another similar case. The question is whether the statements made in his presence have tended to prejudicially influence his mind by creating such a condition of bias as to prevent him from giving the accused a fair trial. The time and place to ascertain these things was by the examination of each juror on his voir dire, of which right appellant elected not to avail herself." [citations omitted].

The principle set forth in *Celli*, supra, has been maintained by the Pennsylvania courts and cited with approval by the Federal courts. See *Commonwealth v. Filigenzi*, 195 Pa. Superior Ct. 580, 584-585 (1961); *Commonwealth v. Krolak*, 164 Pa. Superior Ct. 288, 292 (1949); and, *United States ex rel. Holly v. Commonwealth of Pennsylvania*, 81 F. Supp. 861, 871 (1948).

In the instant case, as in *Celli*, supra, and the cases that have come after it, appellant made no attempt to avail himself of the right to examine the jurors on voir dire. It was at this time in which appellant could have shown cause, if there was in fact cause, for the dismissal of a juror. Because this was not done, the lower court was correct in not dismissing the jurors in question.