STATE of Missouri, Plaintiff-Respondent,

v.

Melvin BROWN, Defendant-Appellant.

No. 35859.

Missouri Court of Appeals,
St. Louis District.

March 30, 1976.

Bell, Wilson, Fullwood & Harris, James A. Bell, Allen I. Harris, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Christopher R. Brewster, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Mark A. Brown, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

PER CURIAM.

Defendant was convicted, in a court tried case, of possession of cocaine, a Schedule II Controlled Substance in violation of § 195.-017 RSMo Supp.1973, and of violation of the Habitual Criminal Act, § 556.280 RSMo 1969. For the reasons set out herein the judgment of the trial court is affirmed.

■ If we are to expedite the ever increasing number of cases presented for our consideration we must have the cooperation of counsel. The simple rules of the Supreme Court regarding appellate practice, and in particular 84.04, must be followed. This rule is equally applicable to civil and to criminal cases. Rule 28.18. *State v. Shumate*, 516 S.W.2d 297 (Mo.App.1974).

■ Rule 84.04(c) requires a fair and concise statement of the facts relevant to the questions presented. Such statement may be followed by a resume of the testimony of witnesses whose testimony is relevant to the issues. The brief before us contains only a resume of that testimony of all of the witnesses which is most favorable to the defendant, which required respondent to file an extensive supplement. This does not comply with the rule. *Graff v. Montileone*, 523 S.W.2d 131 (Mo.App.1975).

The brief contains a page which has the heading "Points and Authorities Relied

Upon." It consists of an alphabetical list of cases, textbooks, statutes and ordinances without reference to any issue in the case.

On the following unnumbered page,[1] under the heading "Questions Presented" we find two numbered paragraphs, the first reads as follows:

"I. The search and seizure herein was unreasonable and without probable cause in violation of defendant's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and Section 15 and 18 of Article I of the Missouri Constitution."

Rule 84.04(d) provides:

"(d) The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. If more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first. All authorities discussed in the argument shall be cited under the 'Points Relied On.' Long lists of citations shall not be included.

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this rule."

The "Question Presented" does not tell us briefly and concisely what action or ruling of the court is sought to be reviewed. It should not be too difficult for counsel in writing the Points Relied On to answer a simple question for us. What specifically did the trial court do that counsel contends is erroneous? Not having told us what the court did, it follows that counsel here did not tell us wherein and why the action of the trial court is claimed to be erroneous.

No authorities are listed under either of the "Questions Presented." The list of authorities on the preceding pages under the title "Points and Authorities Relied Upon" are not indicated as being related to either of the two paragraphs under the heading "Questions Presented." As set out above, Rule 84.04(d) requires that all authorities discussed in argument shall be cited under the point relied upon.

We cannot and will not take the time to do the work of counsel who are derelict in their compliance with these rules while diligent counsel await our consideration of their cases.

Because of the numerous violations of Rule 84 this brief presents nothing for our consideration.

We have reviewed the record under Rule 28.02 and find that the information is sufficient; the judgment is responsive to the charges and in proper form; the punishment is within statutory limits; and that allocution was accorded the defendant. The judgment is affirmed.

All Judges concur.

---

1. None of the pages was numbered.