STATE of Missouri, Plaintiff–Respondent,

v.

William F. HOWARD, Defendant–Appellant.

No. 11652.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 23, 1980.

Motion for Rehearing and to Transfer to Supreme Court Denied Oct. 10, 1980.

Application to Transfer Denied Nov. 12, 1980.

John Ashcroft, Atty. Gen., Jerry Short, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Albert Crump, Jr., Asst. Public Defender, Rolla, for defendant–appellant.

BILLINGS, Presiding Judge.

Defendant William F. Howard was jury tried and convicted of selling marijuana and sentenced by the trial court to eighteen years imprisonment. We affirm.

The State's evidence was that the defendant sold a quantity of material, identified as marijuana, to an officer of the Missouri State Highway Patrol.

■ Defendant contends the trial court should have granted his "Motion to Strike Jury Panel" because members of the panel had earlier heard a similar case involving the same State's witnesses and, consequently, the panel members were biased, prejudiced and partial. In *State v. Hutchens*, 604 S.W.2d 26 (Mo.App.1980), No. 11651, decided August 21, 1980, this court considered an identical motion in a case tried the day following defendant's trial. We said:

"A defendant who challenges the array of petit jurors has the burden to prove the facts on which the challenge is based. *State v. Aikens*, 507 S.W.2d 386, 388[5] (Mo.1974). Mere oral assertions of defense counsel are insufficient to carry the burden of proof. *State v. Davis*, 462 S.W.2d 798, 800[2] (Mo.1971). The disqualification of an individual juror for bias is not sufficient grounds for a challenge of the entire panel. *State v. Butler*, 549 S.W.2d 578, 580[2] (Mo.App.1977). See also *State v. Weidlich*, 269 S.W.2d 69, 71[4] (Mo.1954)."

No evidence was offered in support of defendant's unverified motion. Furthermore, as pointed out by Chief Judge Flanigan in *Hutchens*, supra, there is ample authority to support the ruling of the trial court in the case before us. Defendant's point is denied.

■ Defendant next contends there was no evidentiary proof that marijuana is a controlled substance forbidden by statute and thus he was entitled to a judgment of acquittal at the close of the State's case. Whether marijuana is a controlled substance is a question of law for the court, not the jury. *State v. Hutchens*, supra. What was said in *Hutchens* concerning lack of evidentiary proof that cocaine is a controlled substance is equally applicable here. There is no merit in defendant's contention.

■ Defendant's final point is that he was entitled to have the jury assess his punishment under the provisions of § 557.036, RSMo 1978, and the trial court erred in refusing his tendered instruction submitting that issue for the jury's determination. The given instruction omitted the matter of punishment.

The amended information in this case charged defendant had previously been convicted of two felony violations relating to controlled substances. The court, out of the hearing and presence of the jury, made findings of defendant's prior two felony convictions relating to controlled substances. Consequently, the penalty provision of § 195.200.1(5), RSMo 1978 [imprisonment for a term not less than ten years nor more than life imprisonment] applied upon a finding of guilty, and pursuant to § 195.-

200.2, RSMo 1978, defendant's punishment was a matter for the court, not the jury. The Notes on Use following MAI–CR 32.06 in MAI–CR2d[1] call attention to the fact that the issue of punishment was not a matter to be submitted for the jury's consideration in this case. The trial court's findings here removed the punishment issue from the jury's determination and the only question for submission was the guilt or innocence of the defendant.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.

---

**1.** "5. ... a. Prior convictions relied upon to enhance the punishment must be pleaded.

b. Evidence of prior convictions must be heard and determined by the trial court out of the hearing of the jury prior to submission of the case to the jury, and the court must enter its findings thereon. Compare Section 564.440, repealed effective January 1, 1979, and now Section 557.010.

c. The court's findings will determine the subdivision or subsection of Section 195.200 under which the defendant is to be punished if found guilty. *Those findings will also determine whether the issue of punishment must be submitted to the jury or whether the court will* *impose the punishment if defendant is found guilty.* Section 195.200.2.

d. If the court finds convictions of one or more prior offenses for the possession of marihuana, the applicable ranges of punishment under Section 195.200.1(b) [195.200.1(1)(b)] must be submitted to the jury. Section 195.200.2, and see *State v. Myers*, 470 S.W.2d 803 (Mo. App.1971). In all other cases where the court finds prior offenses or convictions, the punishment provisions of subdivisions (2), (3) and (5) of Section 195.200.1 will apply. *However, in those cases the court and not the jury will fix the punishment if the defendant is found guilty.* Section 195.200.2." (emphasis ours)