STATE of Missouri, Respondent,

v.

Carlos RIOS, Appellant.

No. WD 45897.

Missouri Court of Appeals,
Western District.

Nov. 3, 1992.

Philip H. Schwarz, Kansas City, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and BRECKENRIDGE, JJ.

LOWENSTEIN, Chief Judge.

The appellant, Carlos Rios, appeals from his conviction of two counts of the sale of a controlled substance and one count of possession of a controlled substance. Rios has alleged six points of error that occurred during the trial of his case. As his first point of error, Rios alleges that the trial court improperly denied his motion to strike the venire when the prosecutor prejudicially struck a black juror. The second argument centers around a photo Rios alleges was fruit of the poisonous tree because the police took his photo during an

arrest in his domicile without an arrest warrant. For his third and fourth points, Rios alleges the prosecutor made prejudicial, "hearsay" remarks that were immaterial and irrelevant in her opening statement. Next, he objects to the use of an expert opinion without a proper foundation for the method used to arrive at his opinion. His last point on appeal is the state failed to offer any evidence that cocaine base is a controlled substance.

### Facts on Appeal

Rios sold crack cocaine to a Kansas City undercover police detective February 14, 1991. The detective, Steven Campo, knocked on a window at Rios' apartment and told him that he wanted a "twenty," meaning twenty dollars' worth of crack cocaine. Rios sold Campo the amount of crack cocaine that he had requested. Campo returned to Rios' apartment five days later and bought another "twenty" from Rios. This night, February 19, a police unit with a search warrant for the apartment waited outside until Campo returned and described Rios and another person in the apartment. Then, an officer with the police unit which had the search warrant broke down Rios' front door and entered the apartment.

The officers found Rios in the bathroom. Because the toilet was flushing, an officer broke the toilet and recovered a Kool cigarette package with crack cocaine in it. The officers also found the marked money that Campo had used to buy the crack cocaine from Rios. The officers took Rios' photograph and arrested him.

A jury convicted Rios and recommended consecutive terms for ten years on each count of sale and five years on the count of possession of controlled substance. The court followed the jury's recommendation, and Rios appealed. This court affirms.

Other facts relevant to the points will be in the discussion of that point.

### Venire

The trial judge properly overruled the defendant's motion to dismiss the jury or in the alternative seat a black juror whom the prosecutor struck peremptorily. The defendant alleged that striking the black juror amounted to a *Batson* violation because the State failed to give a "satisfactory non-racial reason". *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), *State v. Antwine*, 743 S.W.2d 51 (Mo.1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Once the defendant makes out a prima facie case of discrimination, the State must give an explanation that is (1) neutral, (2) related to the case to be tried, (3) clear and reasonably specific, and (4) legitimate. *State v. Hudson*, 793 S.W.2d 872, 881 (Mo.App.1990). If the state articulates an acceptable reason for the strike, the court should deem the prosecutor's explanation race-neutral unless a discriminatory intent is inherent in the explanation. *State v. Parker*, 836 S.W.2d 930, 939 n. 6 (Mo. banc 1992). Then, the burden shifts to the defendant to show that the prosecutor's reason was a pretext for racial discrimination. *Id.* This court may not set aside the trial court's findings unless they are clearly erroneous. *Antwine*, 743 S.W.2d at 66. A finding is clearly erroneous when the reviewing court is left with a definite and firm impression that a mistake has been committed. *Id.*

During venire, the prosecutor struck the last of two blacks who sat on the panel. The defense made out a prima facie case of discrimination and moved to strike the entire venire panel or in the alternative, seat the juror. Although the prosecutor never asked the juror any questions, the prosecutor alleged that he struck her because she was married to a pastor. In reply, defense counsel said this was a "flimsy excuse." The court denied the defendant's motion without explanation. Later in the trial during a recess, the judge asked the name of the juror the State struck and stated on the record that the State had "valid, nonracial reasons for exercising the peremptory strike." The record does not disclose whether the prosecutor failed to strike a similarly situated white venireperson or any other pretext of discrimination. The

decision of the trial judge was not clearly erroneous. Point I is denied.

Additionally, the trial court did not err when it denied Rios' motion to suppress a photographic array that included a picture of him taken when the police entered his home with a valid search warrant and ended up arresting him. Rios alleges as Point II of his appeal, a constitutional violation occurred when the police arrived at his house with a *search* warrant, found crack cocaine, arrested him without an *arrest* warrant and took his picture.

This court must uphold a trial court's decision on a motion to suppress if the evidence is sufficient to sustain the trial court's findings. *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985), *cert. dismissed*, 480 U.S. 698, 107 S.Ct. 1596, 94 L.Ed.2d 678 (1987). Rios correctly points out that "a warrantless, non-consensual entry into a suspect's home to make a routine felony arrest is violative of a suspect's Fourth Amendment rights." *State v. Mayes*, 654 S.W.2d 926, 935 (Mo.App.1983). However, Rios' case differs because the police had a search warrant to authorize their presence. The search warrant carries with it the right to detain the occupants of the house while the officers conducted the search. *Michigan v. Summers*, 452 U.S. 692, 694, 101 S.Ct. 2587, 2590, 69 L.Ed.2d 340 (1981). In *Summers*, the police detained a person while they searched the premises under the authority of a valid search warrant. Once the police found contraband, the subject of the warrant, they had probable cause to arrest the person in the house. *Id.* "Because it was lawful to require respondent to ... remain in the house until evidence establishing probable cause to arrest him was found, his arrest and the search incident thereto were constitutionally permissible." *Id.*

In this case, once the police found the crack cocaine in Rios' house, they had probable cause to arrest Rios and did. The police took the photo during a valid search and subsequent arrest. As such, the photo was not fruit of the poisonous tree. The police properly could detain the people in the house while the officers conducted the search. The search turned up crack cocaine which provided the officers with probable cause to arrest Rios. As such, the evidence is sufficient to support the trial court's decision to overrule Rios' motion to suppress.

### Prosecutor's Statements about Drug Hotline

Although certain remarks made by the prosecutor in her opening statement bordered on inadmissibility, the statements were not prejudicial error. A reviewing court must uphold a conviction if the challenged references in the opening statement refer to arguably admissible evidence, and the reference was made in good faith with a reasonable expectation the evidence would be produced. *State v. Ferguson*, 822 S.W.2d 466 (Mo.App.1991). Additionally, testimony supporting the remarks made by the prosecutor did not result in prejudicial error. Reversible error does not occur if the error in the admission of evidence is harmless beyond a reasonable doubt. *State v. Gregory*, 822 S.W.2d 946, 951 (Mo. App.1992).

In her opening statement, the prosecutor said a detective and his partner went to Rios' house "on a tip from the drug hotline that drugs were being sold in that apartment." Later in the opening statement, the prosecutor referred to the search warrant the police had obtained to search Rios' apartment. Defense counsel objected to both references in the prosecutor's opening statement. The trial court overruled both objections. During the trial, the prosecutor attempted to elicit testimony from witnesses regarding the tips from the drug hotline and the search warrant. Defense counsel objected and the court overruled the objections.

As to the tips from the drug hotline, the State argues that the references and testimony were not hearsay because the State offered them to explain conduct rather than prove the truth of the facts asserted. *State v. Culkin*, 791 S.W.2d 803, 810 (Mo. App.1990). Rios points to a Western District case, *State v. Reynolds*, 723 S.W.2d

**288**

400, 403 (Mo.App.1986), where the court held inadmissible the content of two anonymous tips about gambling at a local restaurant. Even if the reference to the drug hotline tips was not admissible, the defendant has failed to demonstrate prejudice in allowing the reference in the opening statement and testimony. Rios sold crack cocaine on two occasions to an undercover police officer. How the officer happened to choose the defendant's apartment does not erase the two occasions Rios sold crack cocaine to Detective Campo. Evidence of guilt in this case is overwhelming. The admission of testimony was not prejudicial error. Similarly, the reference opening statement regarding the drug hotline tips does not require reversal. The prosecutor referred to the tips in her opening statement with an eye toward admissibility because she elicited testimony during the trial regarding the tips.

■ Turning to the search warrant, for the same reasons as discussed above, the reference in the opening statement does not require reversal. In addition, testimony regarding the search warrant did not result in prejudicial error. Appellant's Point Three is denied.

■ In Point IV Rios alleged the trial court committed error when it allowed the prosecutor to say she and her co-counsel were convinced of Rios' guilt. Defense counsel did not object to the statement or move for a mistrial at the time the prosecutor made the statement. The prosecutor's statement did not indicate that she had possession of facts not available to the jury that would leave no doubt as to guilt. *State v. Cobb,* 820 S.W.2d 704, 711 (Mo. App.1991). Consequently, the statement did not result in error. The court denies Point IV.

■ In point five, Rios alleged the trial court erred when it permitted an expert witness for the state to give his opinion on the type of drug found in Rios' apartment. Rios argues the State failed to elicit that the method used to identify the cocaine base was generally accepted by the scientific community. The state's expert witness used a gas chromatograph mass spectrome-

ter to determine the type of drug found in Rios' apartment. Missouri has recognized gas chromatograph as reliable test "for the measurement, separation and identification of particular organic compounds—drugs, among them." *State v. Price,* 731 S.W.2d 287, 291 (Mo.App.1987). Point five is denied.

■ As his final effort to receive a new trial or a judgment of acquittal, Rios points to the prosecutor's failure to prove that cocaine base is a controlled substance. The trial court had a duty to take judicial notice of the statute that lists cocaine as a controlled substance. *State v. Hutchens,* 604 S.W.2d 26, 28 (Mo.App.1980). In *Hutchens,* the Southern District held the state did not have to introduce evidence of the existence of the statute or request the trial court to take judicial notice of it. *Id.* at 28. In this case, the state did not request the court to take judicial notice of the statute or introduce it into evidence. The state should have informed the jury of judicial notice taken by the court of cocaine as a controlled substance. The record does not include information given to the jury before it retired, but lack of informing them is not fatal to Rios' conviction. Point VI is denied.

The trial court judgment is affirmed.

All concur.